ELLEN WAGNER, Administratrix of the Estate of PETER WAGNER, Deceased, Respondent, v. EDWARD B. PRYOR and EDWARD F. KEARNEY, Receivers of THE WABASH RAILROAD COMPANY, Appellants.

St. Louis Court of Appeals.   Opinion Filed June 8, 1920.

1. **TRIAL PRACTICE: Demurrer to Evidence: Statements Against Interest Through Ignorance, etc.: Not Conclusive.** In passing upon a demurrer to the evidence the court should consider all the testimony before it, and even though plaintiff's own testimony fails to make a case for the consideration of the jury, yet where it is shown that one through ignorance, oversight, failing memory, due to old age, or mistake honestly made, makes statements against his interest which are not true, the jury is not bound to give conclusive effect to such statements.

2. **RAILROADS: Negligence: Humanitarian Doctrine: Question for jury.** In an action for damages for personal injuries sustained from being struck by a locomotive while attempting to cross railroad tracks, evidence reviewed and *held* sufficient to make a case under the humanitarian doctrine, though the plaintiff testified that he stepped from behind a boxcar onto a railroad track four feet away and immediately in front of a moving train, where it was shown that plaintiff was a very old man, suffered from loss of memory, and stated in his testimony that since his injuries he had suffered so much that he was unable to remember or to give correct dates, and it being apparent from an examination of his testimony that he was not entirely cognizant of all that took place on the morning of his injury, other testimony showing that the engine was 70 feet away at the time he started across the track.

3. ————: ————: **Crossing Generally Used by Public: Duty to Keep Lookout.** Where a railroad crossing place was used by the public

generally in going to and coming from a railroad station, and had been so used for many years, it was the duty of the railroad company, in the exercise of ordinary care, to have kept a lookout for persons who were likely to cross its tracks at such place.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*N. S. Brown* and *A. E. L. Gardner* for appellants.

(1) Defendants' demurrer to the evidence should have been sustained because (a) plaintiff was guilty of contributory and concurring negligence, and the humanitarian doctrine has no application to the case of a pedestrian walking across a railroad track, in broad daylight, with an unobstructed view of an approaching train. Keele v. Railroad, 258 Mo. 62; Watson v. Railroad, 133 Mo. 246; Green v. Railroad, 192 Mo. 131; Mockovick v. Railroad, 196 Mo. 550; Laun v. Railroad, 216 Mo. 563; Schmidt v. Railroad, 191 Mo. 215; Dyrz v. Railroad, 238 Mo. 33; Rollison v. Railroad, 252 Mo. 525; Guyer v. Railroad, 174 Mo. 344; Pope v. Railroad, 242 Mo. 332. (b) The evidence failed to prove liability of defendants under the humanitarian doctrine, because the proof is conclusive that defendants' servants could not have stopped the train before striking plaintiff, after plaintiff emerged from behind the box-car on the east track. (2) Plaintiff's instruction No. 2 is erroneous, because (a) It requires the jury to find defendants guilty of negligence if their servants either saw "or in the exercise of ordinary care would have seen that he (plaintiff) was crossing or attempting to cross the railroad track . . . in time to have, by the exercise of ordinary care, sounded a warning either by ringing the bell or blowing the whistle, or, with the appliances and means at hand, and by the exercise of ordinary care, to have stopped or slackened the speed of said locomotive, and thereby have prevented it from striking plaintiff," but wholly fails to submit to the jury the basic facts out of which such

duties of servants arose, and upon which the humanitarian doctrine rests—namely, that plaintiff, at the time of the accident, was an implied licensee on defendants' railroad track, by reason of the fact that he was then using a footpath leading across defendants' right-of-way and tracks, which had been used by the public generally for a long period of time, with the knowledge and acquiescence of defendants. (b) The instruction erroneously directs the jury to find a verdict for plaintiff if they find that defendants' servants, by the exercise of ordinary care, and with the appliances and means at hand, could have . . . "slackened the speed of said locomotive and thereby have prevented it from striking plaintiff," because there is not a scintilla of evidence as to the probability or improbability of the engine not striking plaintiff if the speed thereof had been "slackened."

*M .U. Hayden* and *Frank A. Thompson* for respondent.

(1) A party to a suit is not conclusively bound by statements which he may make while a witness in his own behalf. If, through ignorance, oversight or mistake, he makes statements against his interests, which are not true, the jury are not bound to give conclusive effect to such statements. Downs v. Racine-Sattley Co., 175 Mo. App. 382; Norris v. Railroad Co., 239 Mo. 695; Meyers v. Railroad Co., 171 Mo. App. 283; Ephland v. Railroad Co., 57 Mo. App. 147; Zander v. Transit Co., 206 Mo., 461; Connor v. Railroad, 181 Mo. 397; Ephland v. Railway Co., 137 Mo. 198; Quinn v. Railroad, 218 Mo. 556. (2) Where a party's own testimony makes out a case, the contradictory testimony of his witnesses does not destroy it, as a matter of law, and, conversely, a party's own testimony may be rejected and the facts may be found in accordance with the testimony of other witnesses, on whatever side called. 17 Cyc., page 816; See authorities cited under Subdivision I. (3) In determining the correctness of the ruling of a trial court in overruling a de-

murrer to the evidence, at the close of a plaintiff's case, all inferences which may legitimately be indulged in, must be drawn in favor of the plaintiff, and this is true even though the evidence is in conflict or even though unfavorable inferences might also be drawn. Bennett v. Railroad Co., 242 Mo. 125, 131-2; Murrell v. Railroad Co., 213 S. W. Rep. 964, 968 (not officially reported). (4) A person in charge of a locomotive has no right to expect a clear track at a point where, for years, the public has, with the knowledge and acquiescence of the railroad company, made use of the tracks in walking either along or across them. Eppstein v. Railroad Co., 197 Mo. 720, 94 S. W. 967; Ahnefeld v. Railroad Co., 212 Mo. 280; Beard v. Railroad Co., 272 Mo. 142 (and authorities cited in these opinions). (5) Even though a pedestrain, through his own carelessness and negligence, places himself in a position of peril upon a railroad track, the company is nevertheless liable, if its employees in charge of the operation of its trains, by the exercise of ordinary care, could have avoided injury to him after they saw or should have seen him in such position of peril. In other words, the "humanitarian doctrine," so called, is still the law in this State, and it is peculiarly applicable to the facts of this case. Reyburn v. Railroad Co., 187 Mo. 565, 573; Eppstein v. Railroad Co., 197 Mo. 720; Bennett v. Railroad Co., 242 Mo. 125, 133; Rollison v. Railroad Co., 252 Mo. 525, 537; Dutcher v. Railroad Co., 241 Mo. 137, 160; Keele v. Railroad Co., 258 Mo. 62; Ahnefeld v. Railroad Co., 212 Mo. 280; Murphy v. Railroad Co., 228 Mo. 56; Beard v. Railroad Co., 272 Mo. 142. (6) The evidence, on the question of user of appellants' tracks, at the place of this accident, being uncontradicted, appellants offering no testimony at the trial, it was not error to omit reference to that question in respondent's instruction No. 2. Cornovski v. Transit Co., 207 Mo. 262, 273; Davidson v. Transit Co., 211 Mo. 320, 357; Sotebier v. Transit Co., 203 Mo. 702, 714; Eppstein v. Railroad Co., 197 Mo. 720.

NIPPER, C.—This is a suit originally instituted in the circuit court of the city of St. Louis, by Peter Wagner, to recover damages for personal injuries sustained by him from being struck by a locomotive owned and operated by appellants.

The accident is alleged to have occurred in front of defendants' railroad station at Ferguson, Missouri, at about seven o'clock in the morning, on the 9th of June, 1914. The original plaintiff having died since the trial of this case in the court below, the cause has been revived in the name of the present plaintiff.

The petition counts upon the negligence of appellants: (1) failure to give warning; (2) failure to keep a watch or lookout, when it was known, or should have been known by the exercise of ordinary care, that persons were likely to be crossing the tracks at the place where the accident occurred; (3) operating and running the locomotive at a high and dangerous rate of speed; (4) failing to exercise ordinary care to stop or slacken the speed of the locomotive, after it was known, or should have been known, that plaintiff was in a position of peril, and was oblivious to the danger.

The answer was a general denial and a plea of contributory negligence.

The reply was a general denial.

At the close of plaintiff's evidence, defendants offered an instruction in the nature of a demurrer to the evidence, which the court overruled. Defendants offered no evidence.

The case was submitted to the jury under the "humanitarian" or "last clear chance" doctrine.

Plaintiff recovered judgment in the sum of $2.000.

Defendants in due form and manner perfected their appeal.

The contention of appellants in this court is: (1) the court erred in overruling the demurrer to the evidence offered at the close of plaintiff's case, for the reason that plaintiff was guilty of contributory and concurring negligence, and the "humanitarian" doctrine has no applica-

tion; (2) the court erred in giving plaintiff's instruction, in that it omitted to submit to the jury the element involving plaintiff's right to be upon the tracks of defendants at the time and place mentioned in the evidence.

Appellants, in their brief and argument with respect to the demurrer, seem to rely solely upon the testimony of plaintiff himself, without regard to the testimony of plaintiff's witnesses who testified in his behalf.

At the time of this accident, plaintiff was near seventy-three years of age, and lived in the town of Ferguson, and had lived there for many years prior thereto. He testified he worked for the United States Government, in the city of St. Louis, and had so worked, with the exception of an interval of three years, since 1861. In going to his work each morning, he would board a train of defendants, at Ferguson, and ride into the city of St. Louis. On this particular morning he was ascending the embankment leading up to the railroad tracks of defendants, imediately in front of the station. There was a path leading diagonally up this embankment, which was used by the public, and had been so used for many years, as the most convenient way to reach the station from that portion of the town from which plaintiff was going. There were two tracks in front of the station, running north and south at that point. Plaintiff says these tracks were about four feet apart, but other witnesses place the distance at eight feet. Plaintiff says that when he crossed the eastermost track there was a freight car standing on this track almost in front of the station; that he placed his hand on the coupling, leaned over and looked, and saw no locomotive in sight (although it was shown by other evidence that one could have been seen for half a mile), then stepped hurriedly in an effort to cross the western track immediately in front of the station, and while taking the last step he was struck by one of defendants' locomotives; that he did not see the same until it had struck him. At this time there were two or three other witnesses standing a little more than one hundred feet away, who were watching plaintiff at

the time the accident occurred. All of these witnesses contradict plaintiff as to his having looked, and as to the rate of speed at which he was walking. Each of them testified that plaintiff did not look, and was walking very slowly. Only one witness testified as to the distance the locomotive was from plaintiff at the time he started to cross the track he was attempting to cross when he was struck. This witness testified that when plaintiff started to cross that track he saw the railroad engine coming, and that it was about seventy feet away; that plaintiff never looked at any time after he reached the top of the embankment, and was walking very slowly; that no whistle was blown, but that he did not know whether any bell was ringing or not. Other witnesses testified the engine was traveling at a rate of speed of about ten or twelve miles an hour.

If plaintiff was conclusively bound by his own statements, appellant's demurrer should probably have been sustained, for according to his testimony, he stepped from behind a box car onto a railroad track four feet away and immediately in front of a moving train, and therefore his negligence in so doing would be the proximate cause of his injury, for appellants' servants operating its locomotive would have had no opportunity to have stopped the same in time to have prevented the injury. But in passing upon a demurrer, the court should consider all the testimony before it, and even though plaintiff's own testimony fails to make a case for the consideration of the jury, yet where it is shown that one through ignorance, oversight, failing memory due to old age, or mistake honestly made, makes statement against his interest which are not true, the jury is not bound to give conclusive effect to such statements. [Quinn v. Railroad, 218 Mo. l. c. 566, 118 S. W. 46; Norris v. Railroad, 239 Mo. 695, 144 S. W. 783; Huff v. Railway, 213 Mo. 495, 111 S. W. 1145.]

At the time plaintiff was giving his testimony, it was shown that he was a very old man; suffered from loss of memory, and stated in his testimony that since his in-

juries he had suffered so much that he was unable to remember or to give correct dates. We think it is apparent from an examination of his testimony, that he was not entirely cognizant.of all that took place on the morning of the injury, and as was said by the Kansas City Court of Appeals, in the case of Downs v. Racine-Sattley Co., 175 Mo. App. 1. c. 387, 162 S. W. 331, in speaking of an instruction telling the jury that admissions against interest are true, we find the following:

"But in more recent cases, of which that of Huff v. Railway, 213 Mo. 495, may be selected for review, such instruction is condemned on the ground that it not only singles out the plaintiff and comments on his testimony but that it erroneously declares the law. The court rejects the idea that a party testifying as a witness should be conclusively bound by the statements he may make against his interest and announces the better and more just rule that if a party through ignorance, oversight or mistake makes statements against his interest which are not true, the jury are not bound to give conclusive effect to such statements."

Considering the other testimony, if the jury believed it (and it was within its province to do so), it was shown that the engine was seventy feet away at the time appellant started to cross the track. At that time he was in a position of peril. There was a straight track and nothing in the way, and conceding his negligence, it is shown by the testimony here that this locomotive, under the conditions mentioned in the evidence, traveling at the rate of speed at which it was shown to have been traveling, could have been stopped within a distance of from thirty-five to forty-two feet. This would have left a space of at least twenty-eight feet between the engine after it was stopped, and the plaintiff, who, according to the testimony of his witnesses, was walking slowly across the track without looking, and entirely oblivious to the danger in which he was placed. This clearly makes a case under the "humanitarian" doctrine, and there

was no error in the court's refusal to sustain a demurrer upon that ground.

All the evidence tended to show conclusively that the point at which plaintiff entered upon the tracks of the defendants, or upon its right-of-way, was at a place which had been used by the public generally for many years, in going to and coming from the station, and there was no dispute or room for argument upon that proposition. This was a point where defendants had a right to expect, and should have exercised ordinary care in keeping a lookout for persons who were likely to cross the tracks at the place mentioned in the evidence, and there was no error in the instruction given for the plaintiff. [Eppstein v. Railroad, 197 Mo. 720, 94 S. W. 967.]

We find no reversible error. The verdict was a righteous one. The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.