Fannie LEWIS, Plaintiff-Respondent,

v.

Jacob GERSHON and Ray Gershon, Defendants-Appellants.

No. 23063.

Kansas City Court of Appeals.

Missouri.

May 6, 1960.

Thomas E. Deacy and Deacy & Deacy, Kansas City, for appellants.

Gene A. DeLeve and Casemore, Berman & DeLeve, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, a tenant of defendant, sued for damages growing out of personal injuries suffered in a fall on a stairway in the premises. From a verdict and judgment in the sum of $5,000 defendant appeals.

The facts necessary to a decision on the issues are simple and virtually undisputed. Defendant owned an apartment house located at 1309 East Armour Boulevard, Kansas City, Missouri, and plaintiff had been a tenant in an apartment located therein for two years prior to this occurrence.

The house faced north and plaintiff occupied an apartment on the second floor east. In order to reach the street she had to descend a stairway to the front door on the first floor, which opened onto a concrete porch, thence down a flight of five concrete steps, to the west, to a concrete landing. From thence one must turn to the right and descend a flight of concrete steps to the sidewalk. The porch and steps had been given two coats of gray enamel paint about four months before the accident and, as a result, were hard, smooth and slick.

On the occasion of the accident plaintiff was preparing to go out, at noon, on June 13, 1956. She had come from her apartment to the porch, to a point about a foot from its edge. The top of the porch forms the top step of this flight of stair steps.

Mrs. Lansky, a tenant of another of the apartments, was standing on the west portion of the porch. Plaintiff was waiting for her granddaughter, who was to take her out. She and Mrs. Lansky engaged in some conversation and Mr. Williams, janitor and handyman of the building, who was nearby, also discoursed with plaintiff.

Plaintiff stated that she stepped down from the porch with her left foot and fell to the bottom of the flight, having missed the top step, and all of the steps.

Defendant urges error because of the overruling of his motion for directed verdict, offered at the close of the case, and of his after-trial motion for judgment notwithstanding verdict, on the grounds that the evidence was insufficient to make a submissible case.

Before proceeding to discuss the facts with reference to the points presented it is proper to note that this is a landlord-tenant case, not one involving a business invitee, or a licensee. Here, the stairway upon which plaintiff fell was one that was not demised to plaintiff but was reserved by defendant for the common use of himself and all tenants who occupied the various apartments in the building. Plaintiff could enter and leave her apartment, to and from the street, by no other manner than by traversing these steps. So long as she occupied the apartment she had no alternative except to use the steps. The distinction between the two types of cases is, well stated in O'Neill v. Sherrill, Mo. App., 254 S.W.2d 263, 267, to-wit:

"Said cases hold that an owner or possessor of land may not be held liable to his licensees, whether business visitors or gratuitous licensees, for bodily injuries sustained by them and caused by a dangerous condition of the premises, if said injured person knew of the condition and realized the risk involved. The right of such person to enter the land is derived solely from the possessor's consent, which he is free to give or withhold at will. Therefore, the one entering the land under such invitation is entitled to nothing more than knowledge of the dangerous condition which he may encounter, so that he may exercise an intelligent choice as to whether the advantage to be gained from accepting the invitation is sufficient to justify the risk which he knows is inseparable from it. Knowledge on the part of the invitee dispenses with the duty to warn, and where the evidence shows such knowledge, no breach of duty is shown; hence there is no actionable negligence.

"This rule, however, does not apply where the relation of landlord and tenant obtains. Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289; and Coats v. Sandhofer, Mo.App., 248 S.W.2d 455. In such cases, the required standard of care to be exercised by the landlord toward a tenant, and those standing in his right, though defined as the exercise of ordinary care, affords greater protection in that actionable negligence may exist even though the injured party may be aware of the defect and its dangerous potentialities."

In a business invitee case, plaintiff's knowledge of the existence of a dangerous condition constitutes a defense to an action for injuries. But, in a landlord-tenant case, plaintiff's knowledge of a defect in the premises is of force only in so far as it bears upon his contributory negligence; and a finding that he had no knowledge thereof is not an essential element of his cause of action. Coplen v. Zimmerman, Mo., 271 S.W.2d 513, 517. He may have some knowledge of a defective condition in the premises and, nevertheless, use them, providing that he exercises due care in view of the hazard, unless it is of such a dangerous character that no reasonable person, in the exercise of due care, would use them. Coplen v. Zimmerman, supra. In the case of an invitee, the proprietor· is required to exercise ordinary care to keep the premises in a reasonably safe condition for use of his invitee, or to warn him of a

danger of which he has knowledge and of which the invitee is unaware, or which is not reasonably obvious to him. A landlord is required to exercise ordinary care to keep the premises in a reasonably safe condition for his tenant, but he is not liable if the tenant is guilty of negligence contributing to his own injury.

█ The concrete porch and steps had been painted with a hard gray enamel over a red enamel and, as a result thereof, the surface was extremely hard, smooth, and "slicky". Mrs. Lansky, who used the porch and steps in common with plaintiff and other tenants, was so afraid of falling on it that when she walked on it, she always hung onto the walls. She indicated that it had been that way for a long time. All of the steps were materially lower at the edges than they were further back. They sloped to the front. Plaintiff stated that the porch and steps were dangerously "slicky", so much so that she only left the building every *two* days, for fear of falling; that she was always afraid of falling on account of the "slicky" condition, that the porch and steps had been "slicky" "from the first time they painted it was slicky". From the evidence it is clear that the jury could have found that the porch and steps were not in a reasonably safe condition for the use of those who had occasion to use them in going to and from the premises; that their unsafe condition was known to and permitted by defendant to exist for a long period of time; and that he was negligent so as to render him liable for injuries occurring by reason of such condition.

Defendant contends that plaintiff, by her own testimony, has shown that she fell by reason of her own negligence in that she stepped down and *missed* the first step, causing her to fall to the bottom of the flight. There may be some ground for such a construction of one part of her testimony, when it is considered alone and without reference to all of her testimony on that subject. The transcript shows the following, on cross examination:

"Q. All right, now, did you slip on the porch or on the step?

"A. No, I slip right from the porch when I go down right the first, from the porch down, I miss all the steps.

"Q. You missed all the steps?

"A. Yes, I missed all the steps.

"Q. So which foot———

"A. The top right from the porch."

Plaintiff was 72 years of age, Russian born and, from the record, apparently was lacking in formal English education in the construction of sentences. The jury could properly have found from all of her testimony that she slipped and fell from the porch level, or top step, and thereby missed all of the steps, falling from the *porch* to the landing at the bottom. The jury was not required to find under her testimony that she stepped in such a manner as to miss the first step, and that such was the cause of her falling. Wagner v. Pryor, 204 Mo.App. 478, 222 S.W. 852, 858. It cannot be said that her testimony established her contributory negligence as a matter of law, nor that it established two causes from which the injury may have resulted, for one of which defendant is liable and for the other of which he is not liable, as in Zimmerman v. Young, Mo.App., 280 S.W.2d 457, 461. The facts are unlike those obtaining in Hayes v. S. S. Kresge Co., Mo.App., 100 S.W.2d 325, 327.

█ Defendant complains that Instruction No. 4 is prejudicially erroneous because it imposed on defendant the burden of proving his defense of contributory negligence "to the satisfaction of the jury." Contributory negligence is an affirmative defense and must be proved by a preponderance of the evidence. Our Courts have repeatedly discussed and criticized the use of such language as "satisfaction" and "reasonable satisfaction", and have said that the use of the word "satisfied", unqualified by the word "reasonable" constitutes reversible error. Wilt v. Moody,

Mo., 254 S.W.2d 15, 22. While the Supreme Court has repeatedly criticized instructions containing this provision, more often than otherwise, what was said was obiter dictum and unnecessary to a determination of the issues presented. Hustad v. Cooney, Mo., 308 S.W.2d 647, 651. In Pulse v. Jones, Mo., 218 S.W.2d 553, 556, the Court stated, obiter dictum, that the use of the word "satisfaction", without qualifying it with "reasonable", *would* constitute reversible error. In Rasp v. Baumbach, Mo., 223 S.W.2d 472, 473, the Court, (obiter dictum) repeated the obiter dictum declared in Pulse v. Jones, supra; but the Court also stated that any error attributable to the unqualified use of the word "satisfaction" in one clause of the instruction, (although in another clause "reasonable" satisfaction was used) was cured by other instructions on the burden of proof. We think that is true in the instant case. In this case, as in many others, the trial Court *overruled* the motion for new trial, indicating that it considered the error harmless. In Alberty v. Sunshine Biscuit Co., Mo., 321 S.W.2d 418, 420, the word "satisfaction" was used and the instruction was held to be prejudicially erroneous; but there were so many other patently prejudicial statements included in the instruction that it could not have been defended in any case. We are loath, for the reasons above stated, to reverse this judgment solely because of the above instruction, but, if the case is retried, it would be well to heed the dictum of the Courts, which is ominous for the future of such instructions.

■ Defendant condemns plaintiff's Instruction No. 5, which reads as follows: "The Court further instructs the jury that unless you find and believe from the evidence that the plaintiff failed to exercise ordinary care for her own safety, that is that plaintiff did something affecting her own safety that an ordinarily careful and prudent person under the same or similar circumstances would not have done, or failed to do something affecting her own safety that an ordinarily careful and prudent person under the same or similar circumstances would have done, the jury cannot find for defendants on their defense of contributory negligence." He says it is bad because it does not require a finding of specific facts with regard to contributory negligence, and cites and relies on Bourne v. Pratt & Whitney Aircraft Corp., Mo. App., 207 S.W.2d 533, 541. That instruction appears to have been the main "verdict directing" instruction, which is not true here. This instruction is one dealing with contributory negligence, which was an affirmative defense in the case. The defect criticized is in the nature of a non-direction. If it is read, as it should be, together with defendant's instruction No. 10, which recites in detail the facts required to be found in order to establish plaintiff's contributory negligence, there is no error materially affecting the merits of the case. Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89, 98. It does not limit the acts of plaintiff, which might constitute contributory negligence, to those mentioned in defendant's instruction 10. Plaintiff thereby assumed a greater burden than she was required to carry, and defendant may not complain thereof. Moss v. Mindlin's, Inc., Mo., 301 S.W.2d 761, 767.

■ It is urged that plaintiff's main "verdict directing" Instruction No. 1, is prejudicially erroneous because it laid on defendant the duty to equip the flight of steps with a handrail. The instruction required the jury to find that " * * * said steps had been painted and that said steps on that date were in a worn, uneven and slippery condition, if so, and if you further find that there was no *handrail* or other means of support provided for use by plaintiff * * * and that said steps were not in a reasonably safe condition for such use by the plaintiff * * *."

Defendant says that this instruction is, substantially, in the form approved in Roman v. King, 289 Mo. 641, 233 S.W. 161, 162, 25 A.L.R. 1263. That instruction per-

mitted recovery if the jury found that the stairs were not in a reasonably safe condition and if defendant knew or could have known thereof in time to have remedied the same before plaintiff was injured. There was no reference therein to any specific defect, or to a failure to remedy such a specific defect in any particular manner. The two instructions are not alike in this respect.

In Ullrich v. Kintzele, Mo.App., 297 S. W.2d 602, the St. Louis Court considered a case where plaintiff had fallen from a retaining wall to the alley below, and was injured. The retaining wall was at the rear of a lot, and an area five feet wide adjacent to it was used for the storage of garbage and trash cans of the tenants. The testimony was that the cans and lids, and oddments of garbage and trash were frequently permitted to lie strewn about the area. Plaintiff entered the area for the purpose of recovering his can, slipped or stumbled on something, stepped on a can lid and fell to the alley. The submission was: That particles of trash, refuse, or garbage and lids from the cans were in close and dangerous proximity to the retaining wall; that, by reason thereof, there existed a probability or likelihood that some one using the area would slip, stumble or fall and be injured; and that an ordinarily careful and prudent person would have anticipated such danger and would have erected a sufficient banister or railing on top of the retaining wall and thereby would have prevented plaintiff falling to the surface of the alley. The Court held (loc. cit. 606) that the instruction was prejudicially erroneous, stating that there is no common law duty of a landlord to provide handrails or banisters on stairways.

A reading of the entire instruction indicates that the jury was, in effect, told that it was the duty of defendant to maintain handrails. There is no such duty in this case. This error is made more grievous by reason of plaintiff's statement from the witness stand on cross examination: "The steps is in the middle, 'cause there was no railing at the time I fell, now there is a railing."

There are other points presented by defendant but, if there be another appeal, those points will not likely be presented.

The judgment should be reversed and the cause remanded.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.