Rose SHACKMAN, Appellant,

v.

LINCOLN PROPERTY CO., etc., et al., Respondent.

No. 37173.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 16, 1977.

Samuel A. Goldblatt, Fox, Goldblatt & Singer, William R. Kirby, St. Louis, for appellant.

Wilburn A. Duncan, Clayton, for respondent.

STEWART, Judge.

Plaintiff appeals from an adverse jury verdict in this action for personal injuries resulting from a fall on defendant's premises. Plaintiff's contentions of error are confined to the contributory negligence instruction given by the court on behalf of defendant. We reverse and remand for a new trial.

We review the facts in the light most favorable to defendant, the prevailing party. *Manley v. Horton*, 414 S.W.2d 254 (Mo. 1967).

Mrs. Shackman, plaintiff, was injured on the night of January 16, 1972. Plaintiff and her husband had visited plaintiff's mother at the Charter Oak Apartment Complex in St. Louis County and were walking down a driveway toward their car when she fell.

The weather was bitter cold. There were patches of ice and snow on the streets but they did not hamper driving. There were also patches of ice on the parking areas and on the driveway at the apartment complex. When Mr. and Mrs. Shackman arrived at the apartment complex, Mr. Shackman drove up to the steps leading to his mother-in-law's apartment and let plaintiff out of the car. He could not find a parking space on the complex so he drove across the street and parked.

It was dark upon their arrival and their departure. The parking lot and driveways are lighted with dusk to dawn lights and there were spotlights on the apartment buildings. The area was well lighted. There was sufficient light so that a person could see the ground. There were patches of ice on about one-third of the asphalt driveway. Mr. Shackman saw patches of ice with sand on them in the driveway. The defendant's maintenance personnel had scattered salt and sand over the driveway.

Plaintiff was aware that there were patches of ice on the drive. When she left her mother's apartment, she was holding on to her husband's arm. They proceeded over the drive toward the street in the direction of their car. There is no sidewalk from the apartments to the street, persons on foot must use the driveway. The driveway declines as it approaches the street. There is a drop of about three feet in forty-five feet. When Mrs. Shackman got about one foot from the junction of the driveway with the street, she felt her foot slip, causing her to fall. She was not looking for anything as she walked along. She was not looking down before she fell. She testified as follows:

"Q. If looking could you have seen sand down there, Mrs. Shackman?

A. If I was looking I probably could have.

Q. If there was some sand there you could have seen it if you were looking down?

A. If I was looking down; yes sir.

Q. Was there anything to keep you from looking down?

A. No. I was looking ahead."

Plaintiff contends that the contributory negligence instruction, Numbered 4 and designated as MAI 32.01 (Modified) was erroneous in many respects. MAI 32.01 is captioned "*Contributory Negligence—Gen-* *erally.*" In reading MAI 32.01 it is clear that the committee was primarily concerned with motor vehicle cases. This was recognized in *Helfrick v. Taylor,* 440 S.W.2d 940 (Mo.1969), a landlord and tenant case, in which the court approved a contributory negligence instruction which closely followed MAI 28.01 now MAI 32.01, and which is similar to the instruction under consideration. We set out those portions of each of the three instructions material to our review for ready comparison:

| MAI 32.01 | Helfrick | Shackman |
|---|---|---|
| "Your verdict must be for the defendant . . . if you believe: | "Your verdict must be for the defendant . . . if you believe: | "Your verdict must be for the defendants if you believe: |
| First, plaintiff either: failed to keep a careful lookout, or<br><br>drove at an excessive speed, or<br><br>drove on the wrong side of the road; and | First, plaintiff Patricia Helfrick, failed to keep a careful lookout; | First, plaintiff failed to look and observe where she was walking and stepping, and |
| Second, plaintiff's conduct, in any one or more of the respects submitted in Paragraph First, was negligent; and | Second, plaintiff's conduct, as submitted in paragraph First, was negligent; and | Second, plaintiff was thereby negligent, and |
| Third, . . ." | Third, . . ." | Third, . . ." |

■ Plaintiff first argues that the instruction misstates the substantive law of the case citing *Taylor v. Hitt,* 342 S.W.2d 489 (Mo.App.1961), and *Lewis v. Gershon,* 335 S.W.2d 522 (Mo.App.1960). These cases merely point out that in a landlord and tenant case as distinguished from the business invitee case, the tenant, or those standing in his right, are not foreclosed from using the premises even though they have knowledge of the defect or dangerous condition. Knowledge of the defect does, however, bear upon the issue of contributory negligence. They must still " . . . exercise due care in view of the hazard." *Taylor,* 342 S.W.2d at 496. The instruction before us requires the jury find that plain-

tiff failed in some respect and that in so doing the plaintiff failed to exercise due care. In this respect, the instruction did not misstate the substantive law of the case.

■ Critical to our consideration is the question of whether the use of the words "look and observe" have placed upon plaintiff a greater duty than that required by law.

It is generally said that a person walking is "not required to look down at his feet or the pavement at every step or to survey the pavement with a 'critical eye' or walk with his eyes 'glued upon' the pavement." *Cun-*

*ningham v. Bellerive Hotel, Inc.,* 490 S.W.2d 104, 108[7] (Mo.1973). Instruction Number 4 not only requires that plaintiff "look" but imposes an additional duty to "observe". One of the definitions given for the word observe is: "5. to see or sense esp. through directed careful analytic attention." Webster's Third New International Dictionary (1969). We find the requirement that plaintiff "look and observe" to be tantamount to a requirement that plaintiff survey the driveway with a "critical eye." This is not the duty that the law imposes upon the plaintiff. In this respect the instruction is erroneous and requires reversal. Because this case is to be tried we shall also consider other questions that have been raised concerning this instruction.

We also critically observe that the phrase "walking and stepping" in the instruction is redundant and is a move toward the prolix which MAI seeks to avoid.

In *Helfrick,* a landlord and tenant case, the Supreme Court approved an instruction that permitted the jury to find that the failure of plaintiff to keep "a careful lookout" was negligent, as that term was defined in other instructions. The instruction in fact, followed the exact wording of the first submission in paragraph "First" in what is now MAI 32.01. The only modification is that it eliminated the next two alternative submissions of negligence.

The purpose of the Missouri Approved Jury Instructions was to simplify the instruction so that they could be "easily understood by the average juror." The Supreme Court Committee on Jury Instructions sought to eliminate instructions that were prolix and served as written argument of the parties.[1] Another objective of the Rules 70.01 and 70.02 is uniformity of instructions.

The instruction in *Helfrick* submitted plainly and simply the ultimate factual issues; it was approved by the Supreme Court and the instruction was available for use by the defendant. Improvements on

instructions which have been approved are best left to the Supreme Court working with the Supreme Court Committee on Instructions.

■ Plaintiff contends that modifying paragraph Second to read: "[P]laintiff was thereby negligent" rather than, "[P]laintiff's conduct as submitted in paragraph First, was negligent" was erroneous as a deviation from MAI 32.01. The Supreme Court has specifically ruled that this submission is proper in the case of a single act submission. *Rickman v. Sauerwein,* 470 S.W.2d 487, 490[4] (Mo.1971).

■ Plaintiff next attacks the instruction because it fails to require a finding that plaintiff had "[A]ctual or constructive knowledge that stepping on the sand would cause her to slip and that it was thereby dangerous to walk on."

■ As was well stated in *Gitterman v. Danella,* 356 S.W.2d 52, 54[2] (Mo.1962):

"An essential element of contributory negligence is that the person charged acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved; and a corollary to that fundamental is that one's knowledge of the general condition from which the danger arose does not necessarily constitute knowledge and appreciation of the danger."

However, a finding that plaintiff knew or should have known and appreciated the danger is not required where plaintiff's own testimony admits the fact. *Weisman v. Herschend Enterprises, Inc.,* 509 S.W.2d 32, 37 (Mo.1974). The question presented is whether or not sand on a driveway which has a decline equal to 3 feet in 45 feet was such that plaintiff upon seeing the condition would have appreciated the danger inherent in the condition.

In this case plaintiff did not personally concede that she would have appreciated

1. Supreme Court Committee on Jury Instructions, 1963 Report to Missouri Supreme Court 1, April 19, 1963, reprinted in Foreward to Missouri Approved Jury Instructions at XXIII (2d ed. 1969).

**54**

the dangerous condition, had she known of it. She did, however, introduce evidence which would tend to show that sand spread upon a driveway was a dangerous condition. The expert witness called by plaintiff testified that there were three hazardous conditions present and that "the most important of all was sand spread all around." He also testified that "it was a very bad mistake to place sand on that surface because it presents a very slippery condition." He further testified that "sand is a dangerous element to the human foot, to the feet." Inasmuch as plaintiff conceded this element, it was unnecessary to include it in the contributory negligence instruction.

Plaintiff also argues that the evidence in the case did not warrant the giving of an instruction on contributory negligence. She again relies upon *Lewis v. Gershon,* 335 S.W.2d 522 and *Taylor v. Hill,* 342 S.W.2d 489. As stated above, these cases hold that plaintiff, in her status as a guest of a tenant was entitled to traverse the driveway even if she were aware of a dangerous condition provided she exercised due care in view of the hazard. *Lewis* merely states that general proposition and holds that plaintiff, in that case, was not contributorily negligent as a matter of law in using steps which she knew to be hazardous. In this case defendant does not contend that Mrs. Shackman was contributorily negligent as a matter of law in using the driveway. Plaintiff testified that she did not see what she stepped on, that if she had been looking she would have seen sand on the driveway.[2] On the record before us, whether plaintiff exercised due care under the circumstances was for the jury. *Helfrick,* 440 S.W.2d at 945.

The cause is reversed and remanded for a new trial.

McMILLIAN, P. J., and RENDLEN, J., concur.

---

2. She testified that she knew she had slipped on sand because she felt it underfoot.