Iva M. THOMAS, Appellant,

v.

FIRST NATIONAL BANK OF RICHMOND, Respondent.

No. KCD 28705.

Missouri Court of Appeals, Kansas City District.

Jan. 30, 1978.

Robert M. Hill and David H. Miller, Richmond (Hill, Hill & Busch, Richmond, Bruce G. Heavner, Kansas City, of counsel), for appellant.

James W. Benjamin, Kansas City (Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, A. V. McCalley, Richmond, of counsel), for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

PRITCHARD, Presiding Judge.

By the verdict of the jury appellant was denied her claim for personal injuries alleged to have resulted from a fall on an icy sidewalk upon which respondent had diverted water accumulated on its premises. The dispositive issue is whether there was sufficient evidence to support respondent's given instruction as to appellant's failure to keep a careful lookout.

Appellant, a lady about 84 years of age, did not testify. Respondent maintained a drive-in facility on its premises which sloped downward across a sidewalk. On the day in question the temperature, about 8:00 a. m., was slightly above freezing, and there was a slight drizzle. It had snowed the day before but it had been cleaned off. Respondent's former employee, Jarik, testified that he and other employees applied snow or ice melt on what was left to control. There were snow piles which were melting and draining off of a retaining wall back through the driveway and on to the east on a walk which led to the Neal Rogers Automobile Agency. Because of a buildup of ice along the retaining wall, a path 2½ feet wide was cleared, and on each side of the path the sidewalk was icy with a 3 to 4 inch buildup close to the curb. Appellant had been to the bank, and its drive-in teller, Mrs. McBee, watched her walk down the driveway "very slowly and very carefully", but she did not see appellant fall, or any accumulation of ice, snow or mud on the driveway. Jarik, upon being notified of the fall, saw appellant lying on the sidewalk, with her feet on the walk. He testified that the pavement was icy, but there was nothing to obstruct the view of the sidewalk so that a person could not see the conditions which there existed. Mrs. Georgia Beard testified that she saw appellant sitting on the sidewalk after she was told that a woman had fallen. Janet Roberts saw appellant fall, at which time she was out of respondent's driveway, and she marked a photograph with an "x" as to the place of fall which is on the sidewalk. There was no testimony from her as to whether appellant was walking on the cleared path (she could not remember the

cleared path) or on the ice adjacent to the path, but it was "real slicky" where she fell. Appellant's son observed the area sometime after the fall, and saw frozen patches of mud, and ice on the sidewalk, where his mother was supposed to have fallen. A Mr. Scott testified that appellant did not have any problem with her vision that he knew of.

Appellant cites *Janicke v. Hough*, 400 S.W.2d 645 (Mo.App.1966); and *Stegall v. Wilson*, 416 S.W.2d 658 (Mo.App.1967), for her contention that the lookout instruction here had no evidence to support its submission. These two cases, and many others, involving moving vehicles, involve facts concerning time, speed and distance within which a party could have, by maintaining an *effective* lookout, avoided a collision by evasive action. Those situations have no application to the facts here—that of a slowly, very carefully, walking plaintiff. In the instant case, appellant, had she looked and observed any existent danger upon the surface which she contemplated to traverse, could have stopped, or changed her walking course, to avoid the dangerous area, if so, *instantaneously*, as the jury could have found. Although "It is generally said that a person walking [such as appellant here] is 'not required to look down at his feet or the pavement at every step or to survey the pavement with a "critical eye", or walk with his eyes "glued upon" the pavement.' *Cunningham v. Bellerive Hotel, Inc.*, 490 S.W.2d 104, 108[7] (Mo. 1973)"; *Shackman v. Lincoln Property Co.*, 556 S.W.2d 50, 52[2] (Mo.App.1977), the law is also that where a duty to look exists, it is contributory negligence to fail to see what is plainly visible. *Combellick v. Rooks*, 401 S.W.2d 460, 463[2] (Mo. banc 1966). In 65A C.J.S. Negligence § 120(1), p. 51, the general rule is stated: "The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and contributory negligence will be found where it appears that plaintiff should or could have discovered the danger, and avoided it, by the exercise of ordinary care." In *Burch v. Moore's Super Market,*

*Inc.*, 397 S.W.2d 590 (Mo.1965), a case involving alleged ice accumulated on a parking area, the court said, loc. cit. 594[5], "That plaintiff was guilty of contributory negligence as a matter of law should not be declared in a situation such as this unless the danger involved was 'so obvious and glaring' that a reasonably prudent person would not use the facility." In this case, there is evidence that there was nothing to obstruct the view of the sidewalk and to the effect that appellant had no impairment of vision. There was evidence from appellant's son that sometime after she fell, he saw frozen patches of mud and ice on the sidewalk; Janet Roberts testified it was "real slicky" where appellant fell. Jarik testified that the *pavement* was icy. From these bits of evidence the jury could find that there were observable existent conditions which made walking hazardous, which in turn raised a jury issue as to whether appellant kept a careful lookout. Compare *Helfrick v. Taylor*, 440 S.W.2d 940, 945[6, 7] (Mo.1969), where the evidence disclosed that as plaintiff entered the vestibule she did not observe what it was that caused her to fall, and the court held, " 'On the record presented the issues of negligence and contributory negligence were for the jury.' " There was of course no evidence from appellant here as to where she fell, or as to her observance, but the other evidence presented permitted the jury to find that there were slick areas on the sidewalk which were visible to a person exercising ordinary care to keep a careful lookout. The court did not err in giving the instruction as to appellant's failure to keep a careful lookout.

Respondent urges that appellant failed to make a submissible case of its negligence that it was snow or ice from its premises which caused appellant's fall on the public sidewalk. It is unnecessary to rule that contention in view of the evidence that the jury could find appellant's contributory negligence above discussed, which rules the case.

Appellant lastly contends that there was error in the giving of Instruction No. 4

as to her contributory negligence in its submission that respondent was relieved of liability "whether or not defendant was *negligent*" (emphasis appellant's) because that instruction should have hypothesized the same language as the verdict directing Instruction No. 3, that respondent's standard of liability was the failure to exercise "ordinary care". Appellant cites *Brewer v. Swift and Company*, 451 S.W.2d 131 (Mo. 1970), holding that a *converse* instruction [not an affirmative converse instruction requiring independent evidence to support it] must be set out in the same terms as the verdict director. The instant instruction is, of course, not a converse instruction, but is a contributory negligence instruction requiring evidence to support it. Negligence was defined in Instruction No. 5, as the "failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances." Instruction No. 4 was taken from MAI 32.01 verbatim. It was approved in the *Helfrick* case, supra, and in *Fehlbaum v. Newhouse Broadcasting Corporation*, 483 S.W.2d 664, 666 (Mo.App.1972). No error appears, and the point is overruled.

The judgment is affirmed.

All concur.