Alice BENNETT, Plaintiff–Appellant and Cross–Respondent,

v.

NORTH BRIGHTON TOWNHOUSES, INC., a Corporation, and F. C. Housing Company, Inc., a Corporation, Defendants–Respondents and Cross–Appellants.

No. WD 31329.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

Daniel M. Czamanske, Riverside, for appellant Bennett.

James H. Horn, William A. Lynch, of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for respondents, North Brighton Townhouses, Inc. & F. C. Housing Co., Inc.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an action for damages for personal injury, resulting in a jury award of $50,000. After trial, motion for new trial, or in the alternative to set aside the award, was

filed. The trial court overruled the motion for new trial but set aside the award, declaring appellant to be contributorily negligent as a matter of law. The judgment is affirmed in part and reversed in part.

Since cross appeals were filed, the parties will be referred to under their party designations upon trial. Appellant was plaintiff and respondents were defendants.

Plaintiff, by way of her original brief and as cross–respondent, presents, in summary, two points of alleged error, charging (1) the trial court erred in setting aside the jury award and in declaring her to be contributorily negligent as a matter of law and (2) the trial court did not err in denying a new trial because the motion for new trial did not allege trial errors with particularity, and the trial court did not abuse its discretion in the denial thereof.

Defendants charge the trial court erred by abusing its discretion in overruling defendants' alternative motion for new trial.

The evidence reveals that plaintiff was a guest of residents in a townhouse owned by defendant, North Brighton. Defendant F. C. Housing is the managing agent of the townhouses. The date of plaintiff's injury was December 24, 1974. At approximately 6:00 a. m., plaintiff went to her place of employment, the Cellar Lounge, and worked until about 10:00 a. m. She left work and returned to her own residence. Plaintiff testified that when she arrived at her home around 10:30 a. m., sleet was beginning to fall but it was not as yet slick.

Plaintiff had, on prior occasion, spent Christmas Eve and Christmas Day at the townhouse residence of Joseph and Linda Golightly. Plans for plaintiff to spend the evening and next day with the Golightlys had been completed and at approximately 1:00 p. m. on December 24, 1974, plaintiff was picked up by the Golightlys and the three arrived at the Golightlys' residence about 2:00 p. m. While the evidence differed as to whether or not Joseph and Linda Golightly both picked up plaintiff and drove her to their home, the evidence does reveal that arrival occurred at about 2:00 p. m. and the streets were slick. When the plaintiff and Golightlys entered the latters' townhouse, the steps and the stoop were slick. The three parties remained inside the Golightly residence, drinking soft drinks, talking and playing with the children.

Because the day in question was a holiday, the Cellar Lounge was to close at 6:00 p. m., and as manager thereof, plaintiff needed to pick up the daily receipts and close up the place. The Golightlys and plaintiff left the Golightly residence at approximately 4:00 p. m. The evidence concerning their departure not only served as the basis for the question of liability and damages for the jury's consideration, but becomes the focal point for disposition of this appeal.

In summary, witness Joseph Golightly testified that his wife proceeded to leave first, she was followed by plaintiff, and he was last, closing the door behind him. As the trio approached the steps, Mr. Golightly descended the steps, followed by plaintiff. As plaintiff "stepped on the stairs she stepped on ice and slipped and fell". This witness further testified that there was no handrail on the first set of stairs. He stated that when he arrived at home earlier in the day, the streets, sidewalks and steps were ice–covered and slippery. He testified that at the time of the fall, it was daylight. He believed that he had mentioned it to the others that it was slick and that they (his wife and plaintiff) should watch their step, or words to that effect.

The plaintiff disclaimed having heard anyone mentioning to be careful. She recalled that Joseph Golightly had departed the townhouse first, followed by herself, then the last person being Linda Golightly. She stated she came out of the door, held on to the door, took two or three steps, let go of the door and took another step in preparation of descending the steps. She stated she did so that, "I could come down the steps one step at a time so I wouldn't fall. And my foot went out from underneath me." She stated she was not playing or joking but was merely walking out the door and going down the steps.

Upon cross–examination, plaintiff admitted to knowing that it had been sleeting for some time prior to her fall, that she had leather–slick soles on her shoes, and that she could see the ice and observe it was hazardous. She was asked if, from the time she first stepped out of the door she thought she might fall. She answered yes. She related that Joseph and Linda Golightly had walked the same area as she did without incident.

At the close of plaintiff's evidence, defendants filed a motion for directed verdict. The motion was overruled and after defendants offered no evidence, the jury was instructed.

The jury returned a verdict, signed by eleven members, awarding plaintiff $50,000 in damages. The motion to set aside the award or in the alternative for a new trial was filed and the motion was sustained on the basis that plaintiff was contributorily negligent as a matter of law. An appeal was taken which was dismissed as premature. Following that dismissal, the trial court, pursuant to Rule 72.01, held that defendants' motion to set aside the verdict was "sustained on the grounds that Plaintiff was contributorily negligent as a matter of law". The court also conditionally denied the motion for new trial in the event that if the case is reversed, the new trial motion is denied because "the defendants offered no evidence, the plaintiff fully submitted her case and there is no good cause shown by defendants why another trial of the issues is necessary."

This appeal followed the latter trial court ruling and judgment.

■ In this cause, defendants filed a motion for directed verdict and this motion was overruled. When such action was taken upon the motion, "the court is deemed to have submitted the cause to the jury subject to later determination of the legal questions so raised, if again presented after verdict and judgment, and to set aside the verdict and judgment and to enter judgment in accordance with the motion for a directed verdict," see *Eddy v. Missouri Public Service Company*, 309 S.W.2d 4, 11 (Mo.

App.1958). Thus, the overruling of defendants' motion for directed verdict did not preclude the consideration of legal questions if, as they were herein, such questions are raised after the jury's verdict, see also *Girratono v. Kansas City Public Service Co.*, 243 S.W.2d 539 (Mo.App.1951), modified, 363 Mo. 359, 251 S.W.2d 59 (1952). Thus, these principles, as applied to the instant case, permitted the trial court to consider the legal question concerning contributory negligence after the jury verdict.

As background for the general principles applicable to contributory negligence in such as the instant case, see 52 C.J.S. Landlord & Tenant § 443(20) (1968) wherein it is found:

"In an action to recover for injuries due to the defective or dangerous condition of demised premises, where the evidence is conflicting or diverse inferences might reasonably be drawn therefrom it is ordinarily a question of fact for the jury or other trier of the facts whether plaintiff has been guilty of contributory negligence ... The mere fact that plaintiff had actual or constructive notice of the defective or dangerous condition of the premises or instrumentality causing the injury and continued to use such premises or instrumentality *does not constitute contributory negligence or assumption of risk as a matter of law unless no reasonably prudent person would have so acted under the circumstances.*" (emphasis added)

While our courts have addressed the issue of contributory negligence as a matter of law, no case had been found which is identical to the facts and circumstances of the instant case. In *Fabel v. Boehmer Realty Co.*, 227 S.W. 858 (Mo.App.1921), a plaintiff was denied recovery, upon the basis of contributory negligence as a matter of law, for injuries received after falling on a defective step. The evidence revealed, however, as the court noted, that the step had been rotten three months, the plaintiff had notified the landlord of the steps' condition, another step on prior occasions had given way under her, plaintiff had talked with

other tenants about the condition of the steps and plaintiff had been told to use other steps to the basement area which were in good condition. In declaring that the plaintiff, under the presented circumstances, was contributorily negligent as a matter of law, the court noted,

" * * * the right of the tenant to recover for such injury may be barred by his negligent conduct in using the premises with knowledge of their unsafe and dangerous condition, provided such dangerous condition is open and obvious and the tenant voluntarily exposes himself to danger therefrom. The mere fact alone, however, that the tenant is aware of the defective condition of the portion of the premises which it is the duty of the landlord to repair does not, as a matter of law, make it contributory negligence to continue to use the same if it reasonably appears that he might safely do so with the exercise of care, so that, if a tenant is injured under such circumstances, the question of contributory negligence should be submitted to the jury." *Fabel, supra,* at 859–860.

By contrast, our courts have held that the issue of contributory negligence was, under the particular circumstances, a jury question, see *Lewis v. Gershon,* 335 S.W.2d 522 (Mo.App.1960). In *Lewis,* plaintiff sustained injury from a fall on a step leading to the street, and the evidence showed plaintiff knew the steps were slick and therefore only went out once every two days because of her fear of falling. The court stated that a tenant may have knowledge of the defect but still use the stairs if he exercises due care "unless it is of such a dangerous character that no reasonable person, in the exercise of due care, would use them." *Lewis, supra,* at 524.

*Feld v. Frankel,* 351 S.W.2d 755 (Mo.1961) was a decision wherein ice had accumulated in a sidewalk depression overnight, plaintiff knew of the depression, and the depression and ice combined caused the fall. In *Buff v. Loch,* 396 S.W.2d 263 (Mo.App.1965), plaintiff slipped in mud on the sidewalk following a heavy rainfall.

In *Shackman v. Lincoln Property Co.,* 556 S.W.2d 50 (Mo.App.1977), a guest of a tenant fell as a result of ice on a driveway. The court declared that knowledge of the defect doesn't preclude use of the premises but does "bear upon the issue of contributory negligence * * *" *Shackman, supra,* at 52.

Where a plaintiff fell on a crumbling step which had the edge worn off, the court stated, in *Brewer v. Silverstein,* 64 S.W.2d 289, 290 (Mo.1933), " * * * she may reasonably have believed that by exercising care she could safely use it as she and the other tenants had been doing for some time." The court went further to hold that the step was not so "glaringly dangerous" as would warrant a finding of contributory negligence as a matter of law.

*Evans v. Sears, Roebuck & Co.,* 104 S.W.2d 1035 (Mo.App.1937) was a case wherein the plaintiff entered a store from a driveway in the store parking lot which was covered with ice and snow and upon leaving the store, fell and was injured. The court held that since the plaintiff had entered the store using the driveway, it was not unreasonable for the plaintiff to assume she could walk back down the driveway with safety.

*Newberry v. City of St. Louis,* 335 Mo. 1, 70 S.W.2d 546 (1934) involved a plaintiff who fell on an ice covered sidewalk and even though plaintiff knew the ice was there, the court reasoned that since plaintiff knew of the danger, plaintiff was bound to use care but not bound to desist from use of the sidewalk unless it was "so obviously and glaringly dangerous" that no reasonable person would use it; see also *Brandt v. Thompson,* 252 S.W.2d 339, 341 (Mo.1952) where use of an unlighted stairwell led to injuries and such use was held not to be an assumption of risk as a matter of law. In the *Brandt* decision, the court held, "It is well settled that the court should never withdraw a question from the jury unless all reasonable men, in the honest exercise of a fair and impartial judgment, would draw the same conclusion from the facts which condition the issue. This applies to questions of contributory negli-

gence where the problem is whether reasonable minds might differ as to whether plaintiff's conduct generally conformed to that of a reasonably prudent person."

■ From the foregoing authorities, two underlying principles can be extracted as guidelines for determination of the question of contributory negligence as a matter of law. First, each case must be viewed with regard to its own particular facts and circumstances. Second, the adopted standard is: Was plaintiff's conduct such that all reasonable minds would reach the same conclusion from the particular facts and circumstances? Stated another way, would reasonable minds differ as to whether or not plaintiff's conduct generally conformed to that of a reasonably prudent person?

With the foregoing authorities and the extraction therefrom as a background, this court takes up appellant's first point of alleged error. This prompts the necessity of an answer to the question: Did plaintiff's conduct under the facts and circumstances of the instant case amount to such that reasonable minds would reach the same conclusion relative thereto? or Would reasonable minds differ in determining that plaintiff's conduct generally conformed to that of a reasonably prudent person?

■ A brief survey of the evidence becomes necessary. Plaintiff admitted she knew the stairway was slick. The evidence, however, reveals that plaintiff and her two friends arrived at approximately 2:00 p. m. at the friends' residence and ascended the steps without difficulty, even though the stairway was slick. Such activity could have led the three to assume they could also go back down the steps without incident, see *Evans v. Sears, Roebuck & Co., supra.* The evidence further reveals that plaintiff and her two friends discussed the weather in general and the slick conditions in general while inside the friends' residence. Even after this discussion, all three agreed to follow through with their original plans which called for departing the friends' residence, proceeding to the Cellar Lounge, closing the Lounge and returning to the friends' residence to celebrate the holiday.

This decision was one reached by and as a result of discussion between the three parties. The choice to proceed was not an individual decision by plaintiff.

The evidence further reveals that at the time of the fall, it was daylight. Further, depending upon which version of the testimony one elects to believe as more accurate (whether it was that of Joseph Golightly, or Linda Golightly, regarding who descended the steps ahead of plaintiff) the fact remains one of the two parties other than plaintiff descended the steps without incident.

Following the close of the evidence and subsequent to the overruling of defendants' motion for directed verdict, the trial court instructed the jury upon this issue thusly:

### "INSTRUCTION NO. 6

[MAI 32.02, Modified–Tendered by Defendants]

Your verdict must be for defendants whether or not defendants failed to use ordinary care if you believe:

First, plaintiff knew that the stoop and stairway were slick and dangerous, and

Second, plaintiff thereafter proceeded to walk on the stoop or steps, and

Third, such conduct of plaintiff was negligent, and

Fourth, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

\* \* \* \* \* \*

### INSTRUCTION NO. 9

[MAI 11.02 (Effective Jan. 1, 1978)–Tendered by Plaintiff]

The term 'negligent' or 'negligence' as used in these instructions means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

While it might be argued that the evening in question was less than ideal as to weather conditions and even possibly some

persons would have elected to remain inside, it cannot be concluded from the evidence upon this record that all reasonable persons would conclude that plaintiff's conduct did not conform to that of a reasonably prudent person. Under the evidence upon this record, the issue of contributory negligence was a question for the jury, see *Lewis v. Gershon; Feld v. Frankel; Buff v. Loch; Shackman v. Lincoln Property Co.; Brewer v. Silverstein; Evans v. Sears, Roebuck & Co.; Newberry v. City of St. Louis and Brandt v. Thompson, supra.* There is nothing upon the facts and circumstances of this case which lead to the conclusion that the steps in question were "glaringly dangerous", and that plaintiff's conduct in making use thereof led to the conclusion that plaintiff's conduct did not conform to that of a reasonably prudent person. It was error for the trial court to conclude plaintiff's conduct was contributorily negligent as a matter of law. Point one presented by plaintiff is sustained to plaintiff's favor.

The remaining issue is that the trial court abused its discretion when it conditionally denied defendants' motion for new trial. The "condition" affixed by the court was that if the judgment setting aside the jury award be reversed, since defendants offered no evidence, retrial of the issues was not warranted.

Defendants argue the verdict is against the weight of the evidence, and the trial court necessarily thought so because it set aside the jury award; therefore it must follow the trial court was under an obligation to grant the motion for a new trial. It is further argued that the trial court's failure to do so was an abuse of discretion.

What this case presents is contrasting motions, not motions which are, by their nature, identical. It is correct, as defendants argue, that the trial judge, upon motion for new trial, weighs the evidence. By contrast, however, in considering whether or not to enter judgment contrary to the verdict rendered by a jury, as in the instant case, the trial judge is in effect declaring there to be no issue for the jury to determine and such ruling by the trial judge is a question of law. Such motions are separate and distinct by their very nature, see 49 C.J.S. Judgments § 59 (1947).

In the instant case, the trial judge made two rulings. First, he ruled there was no issue for the jury to determine because, as a matter of law, plaintiff was contributorily negligent. In the second instance, the trial judge "conditioned" his ruling upon the motion for new trial on the possibility that his ruling regarding contributory negligence might be reversed; and if that were to occur, then such reversal would declare the issue of contributory negligence one to be determined by the jury. The trial court then further reasoned correctly that if contributory negligence, as an issue, was for the jury, that issue had been already submitted and the jury had passed on the issue. In absence of any evidence by the defendants, the trial court correctly concluded that another trial of the issues was unnecessary.

■ In upholding or denying a motion for new trial, the trial court is invested with broad discretion, and reversal will not occur absent an abuse of such discretion, see *Paris v. Keefhaver*, 512 S.W.2d 892 (Mo. App.1974); *Kreutz v. Wolff*, 560 S.W.2d 271 (Mo.App.1977); *Baumle v. Smith*, 420 S.W.2d 341 (Mo.1967). In the instant case, it cannot be said the trial court abused its discretion, and the point of error alleged by defendants is ruled against them.

For the reasons set forth herein, that portion of the judgment which sets aside the award to plaintiff by the jury is reversed and the trial court is directed to reinstate the jury's award to the favor of the plaintiff in the original sum.

For the reasons set forth herein, that portion of the judgment denying defendant's motion for new trial is in all respects affirmed.

All concur.