

# In the
# Missouri Court of Appeals
# Western District

TERRIE FUCHS,                          )
                                       )
           Appellant,                  )   WD77155
                                       )
v.                                     )   OPINION FILED:  August 26, 2014
                                       )
DEPARTMENT OF REVENUE,                 )
                                       )
           Respondent.                 )

### Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia S. Joyce, Judge

Before Division Four:  Alok Ahuja, Chief Judge, Presiding, Cynthia L. Martin, Judge and
Randall R. Jackson, Special Judge

Terrie Fuchs ("Fuchs") appeals from the trial court's entry of summary judgment

in favor of her employer, the Department of Revenue ("Employer"), in her disability

discrimination lawsuit.  Fuchs argues that the trial court erred in entering summary

judgment because it failed to view the facts in the light most favorable to Fuchs and

because it erroneously declared and applied the law regarding her claim of discriminatory

harassment.  Because the trial court erroneously declared the law and because there are

genuine issues of material fact in dispute that prevent the entry of judgment as a matter of

law, we reverse the grant of summary judgment on Fuchs's claim of discriminatory harassment, and remand this matter for further proceedings.

## Factual and Procedural History

Fuchs has been continuously employed by the Employer since 1981. While Fuchs has served the Employer in multiple capacities, she began working as a telephone operator at the Employer's call center in 1998 and currently holds that position.

Fuchs suffers from cerebral palsy. Over the term of her employment, Fuchs has suffered several injuries. The combination of her cerebral palsy and injuries has left Fuchs no longer able to stand independently. Fuchs is confined to a wheelchair and requires assistance to use the restroom. At work, this assistance is provided by co-workers.

In December 2010, Fuchs filed a charge of disability discrimination with the Missouri Commission on Human Rights ("Commission") against the Employer.[1] Fuchs filed a second charge of discrimination with the Commission in April 2011 alleging retaliation by the Employer for Fuchs's filing of the previous charge of discrimination. The Commission issued Fuchs right to sue notices on both charges.

Fuchs timely filed a petition against Employer alleging two counts relevant to this appeal.[2] The first count asserted that Fuchs's "disability contributed, in whole or in part, to [the Employer's] adverse employment actions towards and harassment of" Fuchs. The second count asserted that Fuchs's "exercise of her rights under the Missouri Human

_____

[1]Fuchs also filed a charge of discrimination with the United States Equal Employment Opportunity Commission, but that charge of discrimination is irrelevant to this appeal.

[2]Fuchs's petition alleged a third cause of action, retaliation for Fuchs's exercise of her rights under the workers' compensation statutory scheme, but that cause of action was earlier dismissed by the trial court and is not the subject of this appeal.

Rights Act ("MHRA") contributed, in whole or in part, to [the Employer's] improper and illegal retaliation of" Fuchs.

During discovery, Fuchs testified in a deposition that she has never been suspended, had her pay docked, salary changed, benefits reduced, job duties or titles changed, or been required to use extra leave time by the Employer due to her disability. Following discovery, the Employer filed a motion for summary judgment ("Motion"). The Motion asserted that as a matter of law, Fuchs would not be able to establish either a *prima facie* case of disability discrimination based on an adverse employment action, or a *prima facie* case of discriminatory retaliation, because the uncontroverted facts established that the Employer took no adverse employment action against her. The Motion also asserted that "[t]o the extent that Ms. Fuchs is attempting to allege harassment, the statements [she alleges were made by the Employer] do not rise to an actionable claim of harassment" because they were not sufficiently severe or pervasive to affect a term, condition, or privilege of her employment.

Following response from Fuchs, the trial court granted the Motion and entered summary judgment in favor of the Employer. The trial court's judgment construed Fuchs's petition to assert three independent claims -- disability discrimination based on an adverse employment action, discriminatory harassment, and discriminatory retaliation. The trial court concluded that summary judgment was appropriate as a matter of law on each of these claims because Fuchs could not establish that an adverse employment action was taken against her by the Employer. The trial court alternatively ruled that summary judgment was appropriate on the discriminatory harassment claim because

3

Fuchs failed "to create a triable issue that [Employer's alleged harassing conduct] was either sufficiently severe or pervasive."

Fuchs appeals.

## Standard of Review

The trial court's grant of summary judgment is an issue of law that we review *de novo*. *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007) (citing *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id.* A genuine issue of material fact exists "where the record shows two plausible, but contradictory, accounts of the essential facts and the 'genuine issue' is real, not merely argumentative, imaginary, or frivolous." *Id.* In determining whether a genuine issue of material fact exists, we view the facts in the light most favorable to the party against whom summary judgment was entered. *Id.* We will not affirm the trial court's entry of summary judgment unless the evidence could not support any reasonable inference in favor of the non-movant. *Id.*

Summary judgment is seldom appropriate in employment discrimination cases because such cases inherently require the resolution of factual disputes that turn on inferences, rather than direct evidence, of discriminatory animus. *Id.* However, if a defendant can establish that an essential element of a discrimination claim cannot be established as a matter of law, summary judgment is appropriate. *ITT Commercial*, 854 S.W.2d at 381 (holding that defending party may establish a right to summary judgment

4

by showing that the plaintiff, "after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements").

**Analysis**

Fuchs asserts three points on appeal, each of which relates to the entry of summary judgment on her claim of discriminatory harassment.[3] In her first point, Fuchs argues that the trial court abused its discretion and erroneously declared and applied the law by failing to recognize that day-to-day harassment, considered cumulatively, can be sufficient to establish a hostile work environment. In her second point, Fuchs claims that the trial court failed to view the facts in the light most favorable to Fuchs by ignoring testimony that corroborated Fuchs's claim that her supervisor created a hostile work environment amounting to harassment. In her third point, Fuchs contends that the trial court erroneously declared and applied the law by requiring her to prove that the Employer took a specific, discrete, adverse employment action against her to establish a claim of discriminatory harassment.[4] We consider Fuchs's points collectively.

Section 213.055[5] provides in pertinent part that:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual:

---

[3]Fuchs has not appealed the grant of summary judgment in favor of the Employer on her claims of disability discrimination based on an adverse employment action and retaliation. *See* Rule 84.13 ("[A]llegations of error not briefed . . . shall not be considered in any civil appeal . . . .").

[4]Although the third point on appeal actually uses the word "discrimination," and not "harassment," the argument portion of the Brief is plainly limited to discussion of Fuchs's discriminatory harassment claim.

[5]All statutory references are to RSMo 2000 except as otherwise noted.

(a)  To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability.

This statutory prohibition includes within its scope discrete claims of discrimination based on a specific adverse employment action and generalized claims of discrimination based on a course of conduct.  The latter category of claims is frequently referred to as discriminatory harassment.[6]

There are two types of discriminatory harassment claims: *quid pro quo* and hostile work environment.  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751 (1998).  The former involves the creation of a hostile work environment with threats to alter a term or condition of employment that is carried out.  *See id.* at 753-54.  The latter involves the creation of a hostile work environment with threats that are not carried out, or with other severe or pervasive offensive conduct.  *Id.*  Fuchs alleges a hostile work environment discriminatory harassment claim.  She alleges that comments and conduct by her Employer reflecting a discriminatory animus based on her disability have made her work environment intolerable.

A successful claim of hostile work environment discriminatory harassment requires proof that: (1) the plaintiff is a member of a group protected by the MHRA; (2) the plaintiff was subjected to unwelcome protected group harassment; (3) the plaintiff's membership in the protected group was a contributing factor in the harassment; and (4) a term, condition, or privilege of the plaintiff's employment was affected by the harassment.  *Hill v. City of St. Louis*, 371 S.W.3d 66, 70-71 (Mo. App. E.D. 2012).

---

[6]Fuchs claim of discriminatory retaliation is addressed in section 213.070.

As noted, the trial court granted the Employer's Motion with respect to the discriminatory harassment claim on two alternative grounds, both of which focused on Fuchs's ability to establish the fourth essential element of a claim of discriminatory harassment--impact on a term, condition, or privilege of employment. First, the trial court found as a matter of law that all three of Fuchs's discrimination claims, including the claim for discriminatory harassment, required Fuchs to establish that a specific, discrete, adverse employment action had been taken against her by Employer.[7] The trial court deemed an "adverse employment action" to require an action affecting compensation, a failure to hire or promote, reassignment, discharge or demotion, a significant change in benefits, a significant change in work assignments, or some other tangible change that produced a material employment disadvantage. Because Fuchs admitted she could not establish a specific, discrete adverse employment action of this nature, the trial court found that she could not establish an essential element of her claim of discriminatory harassment as a matter of law.

The trial court's conclusion is legally erroneous. A claim of discrimination pursuant to section 213.055 *may* be demonstrated by proof of a specific, discrete, adverse employment action of the nature described by the trial court. However, specific, discrete adverse employment actions are not the only means by which a claimant can prove that a term, condition, or privilege of her employment has been impacted. "Discriminatory harassment affects a term, condition, or privilege of employment if it is sufficiently

_____

[7]Our review of the Motion indicates that the Employer never argued that Fuchs was required to prove an "adverse employment action" to establish a *prima facie* claim of discriminatory harassment. The Employer made this argument only in connection with Fuchs's claims of discrimination based on an adverse employment action and of retaliation.

severe or pervasive enough to alter the conditions of a plaintiffs [sic] employment and *create an abusive working environment*."  *Alhalabi v. Mo. Dep't of Natural Res.*, 300 S.W.3d 518, 527 (Mo. App. E.D. 2009) (emphasis added).  "In most cases of hostile work environment harassment, the discriminatory acts are not of a nature that can be identified individually as significant events; instead, the day-to-day harassment is primarily significant, both as a legal and as a practical matter, in its cumulative effect."  *Id.* at 526. There is simply no precedent for the proposition that an abusive working relationship created by severe or pervasive conduct is not actionable unless the plaintiff is also subject to a specific, discrete, adverse employment action.[8]  Rather "discrimination creates a[n] [actionable] hostile work environment when discriminatory conduct either creates an intimidating, hostile, or offensive work environment or has the purpose or effect of unreasonably interfering with an individual's work performance."  *Id.*  Stated differently, the creation of an abusive working environment impacts a condition or privilege of employment, and is thus an actionable "adverse employment action," if the conduct creating the environment is sufficiently severe or pervasive.[9]

---

[8]In fact, an adverse employment action that occurs in connection with a hostile work environment would support a claim of *quid pro quo* discriminatory harassment.  *Burlington Indus., Inc.,* 524 U.S. at 753-54.  *See also*, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64-67 (1986) (rejecting the requirement of economic loss or tangible disadvantage in order to establish impact on a condition of employment, and noting that a tangible employment action must be shown for a *quid pro quo* case but not a hostile work environment case).

[9]Consistent with this conclusion, MAI 38.01, the verdict director for employment discrimination claims pursuant to section 213.055, requires the insertion in paragraph First of "the alleged discriminatory act, such as 'failure to hire', 'discharged' or other act within the scope of Section 213.055."  The Notes on Use provide, however, that "[i]f the evidence in the case demonstrates a course of conduct or harassment constituting discrimination . . . then paragraph First of this instruction may be appropriately modified."  MAI 38.01 Notes on Use (7th ed. 2012). Also consistent with this conclusion, the MCHR's regulations addressing sex discrimination recognize that harassment may include circumstances where "such conduct has the . . . effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment."  8 CSR 60-3.040(17)(A)(3).  That same regulation at parts (D)(1) and (D)(2) recognizes that an affirmative defense to sexual harassment may exist where an employer has acted to correct and prevent harassment, and the employee failed to avail himself or herself of corrective/preventive opportunities.  Sub-section(D)(1) says this defense is available

8

Plainly, the trial court committed legal error by requiring Fuchs to demonstrate that she could prove a specific, discrete, "adverse employment action" in order to establish her claim of discriminatory harassment based on a hostile work environment. Fuchs's third point on appeal is granted.

Second, the trial court alternatively granted the Employer's Motion with respect to Fuchs's claim of discriminatory harassment because it found that Fuchs could not establish a triable issue with respect to whether the Employer's harassing conduct was sufficiently severe or pervasive. We disagree.

Fuchs claims that she was subjected to unwelcome disability harassment. Harassment includes "'discriminatory intimidation, ridicule, and insult.'" *Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Fuchs testified in a deposition regarding the intimidation, ridicule, and insults that she endured from her supervisor. In particular, Fuchs stated that her supervisor suggested that Fuchs "realize [she is] broken and go on disability." Fuchs claimed that her supervisor has questioned her repeatedly about the length of time she requires to use the restroom, and has limited the times during which Fuchs may use the restroom during the workday. Fuchs testified about other actions her supervisor has taken against her, including questioning the volume of work Fuchs completes each day, punishing Fuchs for tardiness, denying Fuchs's request for leave to see her doctor, and requiring a note from Fuchs's doctor before allowing her to wear tennis shoes to work. Fuchs testified during her deposition that she believed her

"[w]hen no tangible employment action is taken." Sub-section (D)(2) says that "[n]o affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action."

9

supervisor's remarks and conduct were "inappropriate" and "demeaning" and testified that, in response to her supervisor's remarks and conduct, she felt "intimidated," "embarrassed," and "stressed." Fuchs also presented evidence that coworkers enlisted to assist Fuchs given her disability felt intimidated and threatened by the Employer's comments.

Plainly, Fuchs has alleged conduct by the Employer that subjectively caused her "intimidation, ridicule, and insult." *Palesch*, 233 F.3d at 566. As it was bound to do in ruling the Employer's summary judgment motion, the trial court treated Fuchs's factual assertions about the Employer's conduct and her subjective reaction to same as true.

However, harassing conduct must be sufficiently severe or pervasive both as viewed subjectively by the plaintiff and as viewed objectively by a reasonable person. *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 244-45 (Mo. App. E.D. 2006). Here, the trial court found that the Employer's alleged conduct was not sufficient as a matter of law to ***objectively*** establish severe or pervasive hostility based on a disability.

Whether "a reasonable person would objectively consider [an employer's] behavior towards [a claimant] severe enough to alter the conditions of her employment and create an abusive working environment" is a question of fact. *Cooper*, 204 S.W.3d at 245; *see also Howard*, 149 F.3d at 840; 37 WILLIAM C. MARTUCCI, MISSOURI PRACTICE SERIES, EMPLOYMENT LAW AND PRACTICE section 5:20 (2013-2014 ed. 2013) (noting that whether harassment is sufficiently severe or pervasive "generally is a factual issue for the jury, and the finding of sufficient severity depends on the nature and degree of the conduct"). "'Once there is evidence of improper conduct and subjective offense, the

10

determination of whether the conduct rose to the level of abuse *is largely in the hands of the jury*."' *Cooper,* 204 S.W.3d at 245 (quoting *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir. 1998) (emphasis added)).

Summary judgment will rarely be appropriate, therefore, in discriminatory harassment cases that turn on whether an employer's conduct is objectively severe or pervasive. *Cf. Daugherty*, 231 S.W.3d at 818 (holding that summary judgment is rarely appropriate in employment discrimination cases where determination of discriminatory animus requires the resolution of factual disputes that turn on reasonable inferences). Rather, once subjectively offensive conduct is established, whether a reasonable person would similarly find the conduct offensive will generally be a question of fact for the jury. *Cf. Meyerkord v. Zipatoni Co.,* 276 S.W.3d 319, 326 (Mo. App. E.D. 2008) (holding that whether misrepresentations would be "highly offensive to a reasonable person are questions for a jury"); *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 503 (Mo. App. E.D. 1990) (holding that whether appearing in a television report about *in vitro* fertilization would bring shame or humiliation to a reasonable person was a question of fact for the jury); *Davis v. Geiger*, 212 S.W. 384, 388 (Mo. App. 1919) (holding that "it is peculiarly the jury's function to pass upon what would meet the requirements or satisfy the mind of the theoretical, reasonable, ordinary person which the law gives to the jury as a standard by which to measure human conduct").

Here, viewing the facts in the light most favorable to Fuchs, there is a genuine issue as to whether a reasonable person would objectively consider the Employer's behavior toward Fuchs sufficiently severe or pervasive to alter the conditions of her

11

employment by creating an abusive working environment. *See Cooper*, 204 S.W.3d at 245. We cannot say, given the totality of the circumstances in this case, that all reasonable persons would draw the conclusion that the Employer's conduct was not sufficiently severe or pervasive. *See Bennett v. N. Brighton Townhouses, Inc.*, 609 S.W.2d 186, 189-90 (Mo. App. W.D. 1980) (holding that a "court should never withdraw a question from the jury unless all reasonable men, in the honest exercise of a fair and impartial judgment, would draw the same conclusion from the facts which condition the issue," including determinations as to whether "conduct generally conformed to that of a reasonably prudent person" (internal quotation marks omitted)).

The trial court erroneously resolved a genuine issue of material fact in dispute when it concluded that a reasonable person would not view the Employer's behavior as sufficiently severe or pervasive to alter the conditions of Fuchs's employment by creating an abusive working environment. Fuchs's first and second points on appeal are granted.

### Conclusion

We reverse the trial court's entry of judgment on Fuchs's claim for discriminatory harassment and remand this matter to the trial court for further proceedings consistent with this Opinion.[10]

_Cynthia L. Martin_____
Cynthia L. Martin, Judge

All concur

---

[10]The trial court's grant of judgment in favor of the Employer on Fuchs's claims of disability discrimination resulting in an adverse employment action and of retaliation remain intact as they were not the challenged by Fuchs on appeal.

12