

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| KEVIN LABRANCHE, | ) | |
| | ) | |
| Appellant, | ) | WD86579 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| CIRCUIT COURT OF JACKSON COUNTY, | ) | December 17, 2024 |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Corey Keith Herron, Judge**

**Before Division One: Lisa White Hardwick, Presiding Judge,**
**Gary D. Witt, Judge, and Janet Sutton, Judge**

Kevin LaBranche (LaBranche) appeals from the Jackson County Circuit Court's (trial court) entry of summary judgment for the Circuit Court of Jackson County (Employer).[1] LaBranche raises two points on appeal. First, LaBranche argues the trial court erred in entering summary judgment for Employer because it abused its discretion in denying LaBranche's motion to strike Employer's factual assertions relying on a specific affidavit in its statement of uncontroverted material facts (SUMF). Second, LaBranche argues the trial court erred in

---

[1] The Circuit Court of Jackson County, Missouri (16th Circuit), was the named defendant in the case. The entire Circuit of Jackson County, Missouri, recused and the case was transferred to the Supreme Court of Missouri for reassignment to a judge outside of the 16th Circuit.

granting summary judgment for Employer because the trial court requested and considered additional arguments and facts to support Employer's motion for summary judgment, in violation of Rule 74.04.[2] We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background[3]

LaBranche is a White male over the age of forty. From October 1986 to February 1988, LaBranche worked for Employer as a full-time Youth Worker. From February 2011 to August 2012, LaBranche worked for Employer as a full-time Control Room Supervisor. Since 2012, LaBranche has worked part-time for Employer performing safety checks at the detention facility.

In 2016, T.S. became Superintendent of Detention.[4] Shortly after becoming superintendent, T.S. observed video of LaBranche while working, and she questioned whether LaBranche was properly conducting his safety audits and assigned inspection. Upon looking into LaBranche's audits, T.S. further questioned whether LaBranche was actually performing his weekly safety audits. T.S. was troubled by the lack of reliable and accurate information from the audits, leading T.S.'s supervisors to remove LaBranche from conducting one of his assigned

---

[2] All rule references are to Missouri Supreme Court Rules (2023), unless otherwise indicated.

[3] "When reviewing the entry of summary judgment, we view the record in the light most favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record." *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 604 n.2 (Mo. App. W.D. 2022) (citing *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020)). Additionally, we only review the uncontroverted material facts established in accordance with the Rule 74.04(c) procedure. *Id.* This factual background provides the uncontroverted facts based on the summary judgment pleadings.

[4] In LaBranche's objections and responses to Employer's SUMF, he moved to strike/objected to the Affidavits of T.S. and S.M., claiming they violated Rule 74.04. The trial court found the Affidavits of T.S. and S.M. were both based on personal knowledge and conformed to Rule 74.04's requirements. We agree and do not address the propriety of those affidavits in our analysis as LaBranche does not contest this finding on appeal.

walk-throughs.[5]  T.S.'s supervisors placed LaBranche under the direct supervision of the

Assistant Director of Residential Services.  T.S.'s concerns from 2016 were never dispelled.

In 2016, S.M. was a Facility Supervisor.  S.M. is a Black female.  S.M. observed

discrepancies in LaBranche's safety audits and had concerns about his credibility.  S.M.'s

concerns about LaBranche were never dispelled.

Beginning in January 2017, there was a series of changes in personnel and promotions,

none of which LaBranche applied for.  Around October 2018, the Superintendent of Detention

resigned.  S.M. was promoted to Superintendent of Detention and H.S., a Black male under forty,

was promoted to Assistant Detention Superintendent.[6]  LaBranche applied to be Superintendent

of Detention but was not interviewed nor hired.  S.M. was the Assistant Superintendent of

Detention for six months leading up to the promotion.  S.M. had worked for Employer for fifteen

years, had a bachelor's degree, a master's degree, and was over forty.  T.S., the Superintendent

of Detention, was not involved in the interview process, but T.S. approved the panel's

recommendation of S.M.

On November 8, 2018, LaBranche filed an internal grievance with T.B., the Deputy

Court Administrator for the Family Court Division, and a supplement to the grievance, dated

November 13, 2018, alleging that he was denied employment opportunities based on his age,

race, and gender.  LaBranche further alleged that positions in the Residential Services

management and the Juvenile Detention facility were being predominantly filled by Black

---

[5]  LaBranche failed to adequately refute several assertions, instead providing explanatory information in his reply.  These assertions are considered admitted.  Rule 74.04(c)(2).

[6]  In Employer's SUMF, it states S.M. filled the Superintendent of Detention position on November 10, 2018, with citation to the Affidavit of M.J.  LaBranche states in his SUMF that S.M. was promoted to Superintendent of Detention but does not include the exact date.

3

females under the age of forty constituting discriminatory acts which denied him employment opportunities. Employer denied LaBranche's grievance. LaBranche did not appeal the decision to the presiding judge.

In December 2018, Employer hired A.S., a White male under forty, as a Facility Supervisor. LaBranche interviewed for the position but was not hired. In January 2019, LaBranche applied for the Coordinator of Human Services position, but J.O. was selected. In May 2019, LaBranche applied and was interviewed for a vacant Facility Supervisor position, but a White male under forty was hired. In June 2019, LaBranche applied, but was not interviewed or selected, for the position of Training Department Manager.

Since May 2018, LaBranche applied for promotion, hire, or lateral transfer to multiple vacant positions. The vacant positions include: (1) Superintendent of Detention-Manager Residential Facilities; (2) Facility Supervisor; (3) Coordinator of Human Services; (4) Unit Manager, Probation and Accreditation Services; (5) Manager, Programs-Field Services-Probation Operations; (6) Employment Specialist; (7) Human Resources-Administration; (8) Coordinator of Human Resources.

In July 2020, LaBranche filed a petition for damages alleging claims of discrimination, hostile work environment, and retaliation under the Missouri Human Rights Act (MHRA) against Employer. Employer filed a motion for summary judgment and statement of uncontroverted material facts, arguing LaBranche had not produced and would not be able to produce sufficient evidence for a trier of fact to find Employer (1) discriminated against him based on his age, race, or sex in its hiring decisions; (2) created a hostile work environment based on his age, race, or sex, or because of any discrimination complaint; or (3) retaliated against him after he complained of discrimination.

4

LaBranche filed an opposition to the motion for summary judgment that, in part, moved to strike and objected to the paragraphs of Employer's SUMF that relied on the Affidavit of M.J., the Director of Human Resources. Specifically, LaBranche argued M.J. had no personal knowledge of the issues, and Employer failed to attach certified copies of the employment and promotion records the Affidavit of M.J. referenced, thus, violating Rule 74.04(e). LaBranche further moved to strike and objected to Employer's assertions that LaBranche argued were based on "self-serving affidavit[s] without corroboration" and were "legal conclusion[s]." LaBranche also filed a statement of additional material facts.

In response to LaBranche's motion to strike, Employer argued the Affidavit of M.J. satisfied the business record requirements and was based on M.J.'s personal knowledge and his knowledge as Director of Human Resources.

In March 2023, the parties appeared for a pre-trial conference. The trial court invited supplemental briefing on whether *Bracely-Mosely v. Hunter Engineering Co.*, 662 S.W.3d 806 (Mo. App. E.D. 2023), impacted the pending motion for summary judgment.[7] After both parties filed briefings, on May 1, 2023, the trial court issued an "order finding facts for summary judgment." The trial court found each affidavit submitted by Employer satisfied Rule 74.04 and it denied LaBranche's motion to strike on that specific ground. However, in response to LaBranche's Rule 74.04(e) objections for Employer not having attached sworn or certified copies of all documents referred to in an affidavit, the trial court examined the file and found that

---

[7] According to LaBranche, the trial court specifically requested supplemental suggestions on whether his hostile work environment claim should be readdressed after *Bracely-Mosely v. Hunter Engineering Co.*, 662 S.W.3d 806 (Mo. App. E.D. 2023). In *Bracely-Mosely*, the Eastern District explained that harassment, although intolerable and harmful, does not create a hostile work environment when it is an isolated incident and the employer takes disciplinary action. *Id.* at 819-20 (explaining hostile work environments are typically characterized by "day-to-day harassment" and its "cumulative effect" which create a hostile, abusive work environment).

the requisite documents were not attached in compliance with Rule 74.04(e).  The trial court deferred a finding on these specifically-listed facts and allowed Employer to "file further suggestions in this regard to show why such filing [was] not necessary . . . or to file such certified copies as required by the rule[.]"

LaBranche filed a motion to vacate, correct, amend, or modify the summary judgment May 1, 2023, order, arguing it violated Rule 74.04's procedure and requirements.  The trial court denied LaBranche's motion, explaining it had not entered a final judgment nor had it expanded upon the Rule 74.04 requirements.  Instead, the trial court explained it had entered only an interlocutory order that "found the affidavits at issue to be made upon personal knowledge (and to that extent overruling [LaBranche's] objections raised to that extent but only to that extent) and not mere records affidavits of a simple custodian of records without any personal knowledge . . . ."  The trial court sought suggestions from Employer in response to LaBranche's objections and motions to strike under Rule 74.04(e) by permitting written suggestions in lieu of another in-person hearing, explaining that the court was seeking no more than what would be permissible at a hearing on the issue.

Employer filed a motion to file under seal the sworn documents referenced in the Affidavit of M.J., which the trial court denied.  In its denial order, the trial court indicated Employer could still "indicate or confirm" if the documents were "served therewith" to LaBranche as permitted by Rule 74.04(e), instead of attached to the pleadings.  Employer responded to the court's order, stating it "served all of the documents on [LaBranche] during discovery . . . but not separately with the summary judgment motion."

On May 23, 2023, the trial court issued an order granting Employer's motion for summary judgment.  The trial court addressed LaBranche's objections and motions to strike the

6

assertions in the SUMF for which Employer failed to attach or serve sworn or certified copies of the documents referenced in the Affidavit of M.J. as per Rule 74.04(e). The trial court found the Affidavit of M.J. was based in part on personal knowledge known to him as the Director of Human Resources and that he qualified as a records custodian. The trial court did not, however, consider the paragraphs in Employer's SUMF which "depend[ed] too much upon documents reviewed by affiant to be considered personal knowledge," which were not attached to the affidavit. The court thereby accepted some of the SUMF from the Affidavit of M.J. but not others.

LaBranche filed a motion to vacate, correct, amend, or modify judgment, and the trial court did not rule on the motion. It was therefore deemed overruled at the expiration of ninety days pursuant to Rule 78.06. LaBranche timely appealed. Additional facts relevant to the disposition of the appeal are included below as we discuss LaBranche's two points on appeal.

**Standard of Review**

"We review the grant of summary judgment *de novo*." *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 607 (Mo. App. W.D. 2022). Summary judgment shall be entered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6); *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). Defending parties, like Employer, are entitled to summary judgment if they demonstrate:

> (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to—and will not be able to—produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support [their] properly pleaded affirmative defense.

*Cox v. Callaway Cnty. Sherriff's Dept.*, 663 S.W.3d 842, 847 (Mo. App. W.D. 2023) (citations omitted). Additionally, Rule 74.04(c)(1) requires:

A [SUMF] shall be attached to the [summary judgment] motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

The non-movant is required to "set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2); *Cox*, 663 S.W.3d at 848. Each denial must specifically reference the "discovery, exhibits, or affidavits that demonstrate specific facts showing that there is a genuine issue for trial," and copies of all relied-upon discovery, exhibits, or affidavits must be attached to the response. Rule 74.04(c)(2); *Cox*, 663 S.W.3d at 848. "Even if the non-movant fails to properly respond to a summary judgment and the factual assertions are deemed admitted, . . . the motion must still be denied if those factual assertions are not sufficient to entitle the movant to judgment as a matter of law." *Jordan v. Peet*, 409 S.W.3d 553, 558 (Mo. App. W.D. 2013).

Only after the trial court determines the movant's Rule 74.04(c)(1) motion "demonstrates a prima facie showing of the movant's right to judgment," does it turn to the non-movant's Rule 74.04(c)(2) response to determine if there is a genuine dispute of any material fact. *Cox*, 663 S.W.3d at 849 (quoting *Great S. Bank v. Blue Chalk Constr., LLC,* 497 S.W.3d 825, 833-34 (Mo. App. S.D. 2016)). For any material fact that the non-movant claims is genuinely disputed, "the non-movant must direct the trial court to a particular numbered paragraph in movant's [SUMF] that is denied in the non-movant's response." *Id.* (citations omitted). Then the trial court:

[C]onsiders the movant's specific references in that numbered paragraph to the pleadings, discovery, exhibits, or affidavits attached to the movant's statement supporting the existence of that material fact; considers the non-movant's specific references to the discovery, exhibits, or affidavits attached to the response supporting the non-movant's denial of that material fact; and then compares the two sets of specifically referenced evidence to ascertain the existence of a genuine issue as to that particular numbered paragraph material fact. Rule 74.04 does not authorize the trial court to consider any other evidence as to whether a genuine issue exists as to that particular numbered paragraph material fact.

8

*Id.* (citations omitted). When considering an appeal from a summary judgment, we use the same principles employed by the trial court in determining whether a party is entitled to summary judgment. *Id.*

We are cautious to affirm a grant of summary judgment as "summary judgment forecloses the opposing party's day in court." *Bracely-Mosley*, 662 S.W.3d at 815. Particularly, in employment discrimination cases because they are "inherently fact-based and often dependent on inferences rather than on direct evidence." *Id.* (citations omitted).

## Legal Analysis

In his first point on appeal, LaBranche argues the circuit court erred in entering summary judgment for Employer because it abused its discretion in denying LaBranche's motion to strike Employer's factual assertions in the SUMF which relied on the Affidavit of M.J. In his second point on appeal, LaBranche argues the circuit court erred in granting summary judgment for Employer because the trial court misapplied the law under Rule 74.04 by inviting Employer to expand the summary judgment record after the motion and response had been filed and did not allow LaBranche to respond to Employer's supplemental suggestions. LaBranche argues this was done in violation of Rule 74.04, which allowed Employer to "save an otherwise facially deficient motion for summary judgment." We address each point in turn.

## Point I

Employer sought summary judgment because it argued LaBranche was unable to establish a prima facie case for each of his claims alleging discrimination on the basis of age, sex, or race; retaliation; and hostile work environment. Additionally, Employer argued it had a legitimate, non-discriminatory business reason for filling each open position with a candidate other than LaBranche.

### *Count I: Discrimination[8]*

LaBranche claimed he was discriminated against when he was not selected for several positions for which he was qualified and, instead, Employer selected someone who was Black, female, or under forty and less qualified than LaBranche.

It is unlawful for an employer "[t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." § 213.055.1(a).[9] Claims brought under the MHRA "are guided not only by Missouri law, but also by applicable federal employment discrimination decisions." *Smith v. Aquila, Inc.*, 229 S.W.3d 106, 112-13 (Mo. App. W.D. 2007) (citation omitted). Therefore, when evaluating claims arising under the MHRA, Missouri courts adhere to the methodology established by the United States Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *Smith*, 229 S.W.3d at 113. *McDonnell Douglas* established the "burden shifting" analysis:

> (1) the plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination; (2) if the plaintiff carries this burden, then the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for its conduct; and (3) if the employer satisfies this burden, then the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's articulated reasons are pretextual.

*Id.* (citation omitted). LaBranche can establish a prima facie case for employment discrimination by demonstrating:

---

[8] As best as we can discern from LaBranche's petition for damages, Count I alleged discrimination based on age, sex, and race; Count II alleged hostile work environment; and Count III alleged retaliation.

[9] All statutory citations are to the Revised Statutes of Missouri (2016) as currently updated, unless otherwise noted.

(1) that the employee is a member of a protected group; (2) that the employee met the legitimate expectations of his or her employer; (3) that the employee suffered an adverse action; and (4) that circumstances exist which give rise to an inference of discrimination. Furthermore, many federal courts recognize that the proof required to establish a prima facie case varies in different factual situations.

*Id.* (citation omitted).

In moving for summary judgment, Employer argued LaBranche had not produced and could not produce any evidence that he was not promoted because of his age, race, or sex. Alternatively, Employer pointed to S.M.'s qualifications for the Superintendent of Detention position and T.S.'s concerns about LaBranche's trustworthiness as legitimate, non-discriminatory reasons, which it argued LaBranche could not show were pretextual.

### Count II: Hostile Work Environment

In Count II, LaBranche alleged Employer created a hostile work environment after LaBranche filed his internal grievance with T.B. and charge of discrimination with the Missouri Commission on Human Rights. LaBranche alleged Employer failed to conduct an independent and unbiased investigation of his grievance, and that Employer no longer contacted LaBranche to cover available shifts which denied him overtime pay. He alleged that Employer's failure to take appropriate action against involved employees allowed the creation of a hostile environment and retaliation against him.

A successful hostile work environment claim required LaBranche to prove: (1) he is a member of a protected MHRA group; (2) he was subjected to "unwelcome protected group harassment"; (3) his membership in the protected group was a contributing factor in the harassment; and (4) the harassment affected "a term, condition, or privilege" of his employment. *Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 732 (Mo. App. W.D. 2014).

"A term, condition, or privilege of employment is affected by sexual harassment when the harassment either creates an intimidating, hostile, or offensive work environment, or results

11

in a tangible adverse employment action." *Bracely-Mosley*, 662 S.W.3d at 816. "Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of the plaintiff's employment and create an abusive working environment." *Id.* at 818.

Employer argued LaBranche could not establish a hostile work environment claim based on his complaint of discrimination. It argued his failure to promote claims were discrete acts, he had no evidence that the investigation into his grievance was not independent and unbiased, nor was LaBranche able to show his discrimination complaint influenced Employer's investigation in any way. Last, Employer argued LaBranche could not support his claim that his supervisor knew of LaBranche's internal grievance or charge of discrimination, causing his supervisor to stop calling LaBranche to cover available shifts for overtime pay.

### *Count III: Retaliation*

LaBranche claimed Employer retaliated against him for filing his prior grievance and charge of discrimination by hiring a Black female under the age of forty for the Training Department Manager position when LaBranche was qualified, applied, yet was not interviewed or selected.

To establish a prima facie case of retaliation, LaBranche must demonstrate: (1) he complained of discrimination; (2) Employer adversely acted against him; and (3) there was a causal relationship between his complaint of discrimination and the adverse action. *Barrett v. Cole Cnty.*, 687 S.W.3d 685, 702 (Mo. App. W.D. 2024) (citation omitted).

Employer argued there was no evidence that the panel of interviewers who recommended different candidates for various positions were aware of LaBranche's internal grievance or charge

12

of discrimination. Employer instead argued it hired the most qualified candidate and, thus, the failure to hire LaBranche was not retaliatory.

### *The Affidavit of M.J.*

Employer substantially relies on the Affidavit of M.J. throughout its SUMF. Rule 74.04(e) requires supporting and opposing affidavits to be "made on personal knowledge" and to "set forth such facts as would be admissible in evidence." Additionally, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Rule 74.04(e). An affidavit which provides information based on outside documents, not personal knowledge, constitutes hearsay and alone is insufficient to support a motion for summary judgment. *Gateway Metro Fed. Credit Union v. Jones*, 603 S.W.3d 315, 319-20, 323 (Mo. App. E.D. 2020) (citation omitted) (reversing grant of summary judgment which relied on statements in affidavit that were solely based on business records but no records were attached to affidavit). To avoid any hearsay issues, documents that qualify as business records may be submitted through a business records affidavit in accordance with section 490.692. *Id.* at 320.

In *Gateway*, the affidavit stated affiant was employed as "Vice President of Risk Management," that she "reviewed the [relevant] records that Gateway maintains," and that "[b]ased upon [her] review of [the] records, [she] gained knowledge of the facts set forth herein." *Id.* at 320. Based on affiant's statements, the Eastern District concluded it was evident her knowledge came "exclusively from the business records of Gateway that she received." *Id.* The court contrasted with *Rustco Products Co.*, where an affidavit satisfied Rule 74.04(e) because the affiant first stated his position for the respondent company but he also stated "that he ha[d] personal knowledge of the facts set forth within the affidavit." *Id.* at 321. *See Rustco Prods. Co.*

*v. Food Corn, Inc.*, 925 S.W.2d 917, 924 (Mo. App. W.D. 1996). Therefore, the *Gateway* affidavit violated Rule 74.04(e) because the necessary business records were not attached and, in effect, it should not have been considered by the trial court. *Id.* at 321-22.

Here, the Affidavit of M.J. stated, in part:

1. I have worked for the Sixteenth Judicial Circuit Court of Jackson County, Missouri from 2015 to present.

2. I am currently the Director of Human Resources and have served in that role since April, 2022.

3. As Director of Human Resources, I keep the hiring packets and personnel files of Circuit Court employees.

4. The Circuit Court keeps records of employee hiring decisions.

5. The Circuit Court keeps personnel files of its employees.

6. These records are made by someone with knowledge of the acts and events appearing on the record.

7. The records are made at or near the time of the acts and events appearing on the record.

8. It is the regular practice of the Circuit Court to make such records.

9. The records are kept in the course of regular business for the Circuit Court.

10. The records are true and accurate to the best of my knowledge.

11. **I have reviewed the personnel file of Kevin LaBranche**.

(emphasis added). The affidavit then cited a number of facts that appear to have been gleaned from the documents M.J. referred to above.

It is evident that affiant relied on business records to make these assertions, and we disagree with Employer that M.J.'s experience and position sufficiently established a basis for personal knowledge. Only after M.J. reviewed the records, did he then provide the statements which Employer uses to support its motion for summary judgment. At no point does M.J. aver that he had personal knowledge of such facts. *See Gateway*, 603 S.W.3d at 321. Furthermore,

14

Employer failed to attach any of the records which M.J. relied on—despite the trial court giving Employer an opportunity to do so. Employer's failure to attach the necessary business records was fatal to the Affidavit of M.J. and any supporting facts taken from that affidavit. It should not have been considered by the trial court because it violated Rule 74.04(e). *See id.* at 323.

Employer argues that even without the Affidavit of M.J., the record supported the grant of summary judgment. Specifically, Employer argues that even if LaBranche established a prima facie case of discrimination or retaliation, Employer established a legitimate non-discriminatory reason: that LaBranche previously provided inaccurate information causing T.S. and S.M. to question his trustworthiness. We disagree. Even though T.S. and S.M.'s observations of LaBranche and concerns about his trustworthiness are uncontroverted, there are insufficient facts to establish LaBranche was not promoted to Superintendent of Detention or Facility Supervisor *because of* these concerns. On the contrary, the Affidavit of M.J. seemingly provided the necessary facts to establish LaBranche was not promoted for a legitimate, non-discriminatory reason: that S.M. was recommended for the Superintendent of Detention position because of her experience and commitment to Employer. Without the ability to rely on the Affidavit of M.J. because Employer failed to attach the business records affiant relies on, we find there are insufficient uncontroverted facts to establish Employer had a legitimate, non-discriminatory reason for not promoting LaBranche.

Employer additionally argues that LaBranche failed to mention the other positions he applied for in his summary judgment response and failed to offer any evidence to support his hostile work environment claim. Without such evidence to establish a prima facie case, Employer argues that it simply "hired the best person for the open positions without regard to any protected characteristic of LaBranche or any of the other applicants." Again, that argument

15

cannot be substantiated without the Affidavit of M.J.  For instance, the affidavit states that LaBranche lacked specialized experience to qualify for the Coordinator of Human Resources position.  And although the trial court found the aforementioned assertion to be uncontroverted after reviewing the affidavit, we are unable to make the same finding as it is evident M.J. did not have sufficient personal knowledge of that fact.

The trial court erred in finding the assertions from the Affidavit of M.J. to be uncontroverted facts because Employer failed to attach the necessary business records which affiant relied on.  Without these facts, there is insufficient uncontroverted evidence upon which to grant summary judgment.  In addition, without those business records before us on appeal, we are unable to say whether, if they had been attached, they would have, in fact, supported the grant of summary judgment.

Point I is granted.

## Point II

In his second point on appeal, LaBranche argues the trial court erred by inviting Employer to expand the summary judgment record after the motion and response were filed, in violation of Rule 74.04.  Because of briefing deficiencies under Rule 84.04, we are unable to review this point on the merits.

Rule 84.04 provides the mandatory requirements for briefs filed in all appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (citing *Fowler v. Mo. Sheriff's Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)).  We prefer to reach the merits of the case and excuse technical deficiencies unless the brief is "so deficient that it fails to give notice to [the] Court and to the other parties as to the issue presented on appeal." *Id.* (citing *J.A.D. v. F.J.D.*,

978 S.W.2d 336, 338 (Mo. banc 1998)). The Supreme Court has explained the importance of adhering to Rule 84.04:

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Id.* at 505 (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

Rule 84.04(e) requires each claim of error to include a "concise statement describing whether the error was preserved for appellate review; if so how it was preserved; and the applicable standard of review." Furthermore, the "factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(e).

LaBranche begins his Point II argument section on the bottom of page thirty-seven in a thirty-eight-page brief, and his argument states in its entirety: "This Court should reverse the Judgment granting Respondent's Motion for Summary Judgment, because the trial court impermissibly requested and considered additional arguments and facts in support of the Motion for Summary Judgment after the time to respond to Plaintiff's responses had expired, in violation of Rule 74.04." LaBranche does not include any factual assertions in his argument nor any citations to the relevant portion of the record on appeal, thus, violating Rule 84.04(e).

Simply put, LaBranche's argument is "analytically insufficient." *R.M. v. King*, 671 S.W.3d 394, 399 (Mo. App. W.D. 2023). A sufficient argument must explain why "the law supports the claim of reversible error," and "advise the appellate court how principles of law and

17

the facts of the case interact." *Id.* (citing *Hoover v. Hoover*, 581 S.W.3d 638, 641 (Mo. App. W.D. 2019)). LaBranche does not cite to nor include any discussion of relevant case law, and his only assertion is a conclusory statement. *Id.* (citation omitted) ("Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review.").

In order to reach the merits of LaBranche's second point on appeal, we would need to "hypothesize about [LaBranche's] arguments." *Id.* at 400. We refuse to do so.

Point II is denied.

## Conclusion

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

_____
Janet Sutton, Judge

Lisa White Hardwick, P.J. and Gary D. Witt, J. concur.